UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK J. CUYLER and TERESA A. MITCHELL,

    Plaintiffs,

v.                                  CASE NO.: 6:11-cv-623-ORL-22DAB

GREGORY A. PRESNELL and UNITED STATES OF FLORIDA [sic],

    Defendants.
_____/

## **ORDER**

An August 4, 2011, order (Doc. 11) details the history of harassing and vexatious litigation by the plaintiffs, Mark J. Cuyler and Teresa A. Mitchell. The order requires a pre-litigation screening of each complaint either plaintiff files in the Orlando Division of the Middle District of Florida. The plaintiff Mark J. Cuyler responded by circumventing the pre-screen and suing seven federal judges in the Orange County, Florida, Circuit Court. See Doc. 15-1. Arguing that the plaintiffs "have demonstrated their intent to continue their frivolous and vindictive filings in other jurisdictions," the United States moves (Doc. 15) to modify the injunction to "expressly cover new actions, complaints and claims for relief in any federal court, state court[,] or other forum." Neither plaintiff responds.

Discussion

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). However, an injunction designed to protect a federal court from abusive and vexatious litigation cannot completely foreclose a litigant from access to the court. Martin-Trigona v. Shaw, 986 F.2d 1384, 1387 (11th Cir. 1993) (citing Procup, 792 F.2d at 1074). Otherwise, a district court maintains "considerable discretion" to restrict the filings of a vexatious litigant. Traylor v. City of Atlanta, 805 F.2d 1420 (11th Cir. 1986); accord Martin-Trigona, 986 F.2d at 1387 (citing Procup, 792 F.2d at 1074); see also Copeland v. Green, 949 F.2d 390 (11th Cir. 1991); Cofield v. Ala. Public Service Comm'n, 936 F.2d 512 (11th Cir. 1991); In re Roy Day Litigation, 976 F. Supp. 1455 (M.D. Fla. 1995).

Also, the All Writs Act, 28 U.S.C. § 1651, allows the issuance of an injunction that bars an enjoined party from filing or maintaining a new frivolous state court claim. Dombrowski v. Pfister, 380 U.S. 479, 484 n.2 (1965) (holding that the Anti-Injunction Act, 28 U.S.C. § 2283, does not prohibit an injunction against a party's instituting a state court action); Riccard, 307 F.3d at 1295 n.15 (upholding an injunction that prevented a plaintiff and anyone acting on his behalf from suing without leave certain named defendants "in any court, forum, [or] tribunal.").

Given the pattern of frivolous, harassing, and vexatious litigation,[1] coupled with the recent lawsuit filed in a Florida circuit court to circumvent the August 4, 2011,

---

[1] See Doc. 11.

- 2 -

injunction, the plaintiffs prove that an injunction limited to the Orlando Division of the Middle District of Florida will fail to prevent further abuse of the judicial process.[2] Accordingly, the United States's motion (Doc. 15) to modify the August 4, 2011, injunction is **GRANTED IN PART**.

### Pre-Litigation Screen

Paragraph one of the August 4, 2011, injunction (Doc. 11, p.12) is **MODIFIED**. The below three subsections are **SUBSTITUTED** for paragraph one of the August 4, 2011, injunction (Doc. 11, p.12):

### I. New Lawsuits in Federal Forums

Mark J. Cuyler and Teresa A. Mitchell are permanently enjoined from initiating a lawsuit, action, proceeding, writ, or other matter in a federal court or other federal legal forum without first obtaining leave of that court or forum. In moving for leave, the respective plaintiff (1) shall file with the proposed complaint a motion entitled "Motion Seeking Leave to File a Complaint;" (2) shall attach as "Exhibit 1" of the motion a copy of this order; (3) shall attach as "Exhibit 2" of the motion a copy of the August 4, 2011, pre-screen injunction, (Doc. 11) which also details the plaintiffs' litigation history; and (4) if granted leave to proceed with the lawsuit, shall serve on each defendant a copy of the documents specified in (1), (2), and (3) above.

---

[2]On October 24, 2011, the United States served on the plaintiff the motion to modify the injunction. See Doc. 15, p.5. Local Rule 3.01(c) and Federal Rule of Civil Procedure 6(d) combine to grant the plaintiffs fourteen days to respond. Twenty-one days later, the plaintiffs remain silent.

## II. New Lawsuits in Non-Federal Forums

The plaintiffs are permanently enjoined from initiating against an active, senior, or retired Article III judge, or magistrate judge, or bankruptcy judge of the United States, or a judicial employee acting on behalf of a federal judge, a lawsuit, action, proceeding, writ, or other matter in a state, county, municipal, or other non-federal court or legal forum in the United States without first obtaining leave from this court.[3] In moving for leave, the respective plaintiff (1) shall file with the proposed complaint a motion entitled "Motion Seeking Leave to File a Complaint;" (2) shall attach as "Exhibit 1" of the motion a copy of this order; (3) shall attach as "Exhibit 2" of the motion a copy of the August 4, 2011, pre-screen injunction, (Doc. 11) which also details the plaintiffs' litigation history.

## III. Procedure in the Middle District of Florida

A motion for leave filed in the Middle District of Florida shall be handled in the following manner. The Clerk's Office shall forward the motion to the senior Magistrate Judge of the respective Division for review and screening. The Magistrate Judge should determine whether the complaint has arguable merit.

If the action is arguably meritorious and the respective plaintiff seeks to sue in the Middle District of Florida, the Magistrate Judge shall issue an order directing the Clerk to assign the complaint in accord with established procedure for random assignment. The Magistrate Judge's order shall be docketed along with the complaint in the new civil case.

---

[3] See Riccard, 307 F.3d at 1298-99.

If the action is arguably meritorious and the respective plaintiff seeks leave to initiate a proceeding in a non-federal forum, the Magistrate Judge shall issue an order granting the respective plaintiff leave to initiate the proceeding in a non-federal forum.

If, however, the Magistrate Judge's preliminary review determines that the tendered complaint lacks arguable merit, the Magistrate Judge shall enter an order denying the motion, and the Clerk shall return, after making a copy for the court, the motion and the complaint to the respective plaintiff. Both the Magistrate Judge's order determining that the complaint lacks arguable merit and the copy of the tendered complaint shall be filed on the docket of miscellaneous case 6:11-mc-90-ACC. Upon a finding that a complaint lacks arguable merit, the respective plaintiff shall be fined $500.00 per case and otherwise sanctioned as the Court deems appropriate.

<u>Further Instruction to the Clerk and United States Marshal</u>

In addition to docketing this order in this case, the Clerk shall also docket this order in miscellaneous case 6:11-mc-90-ACC. In the future, the Clerk shall also file each order that determines that a complaint by a respective plaintiff lacks arguable merit, along with a copy of the complaint in question.

The United States Marshal is directed to promptly and personally serve Mark J. Cuyler and Teresa A. Mitchell with a copy of this order and to promptly file a return of service.

ORDERED in Tampa, Florida, on November 14, 2011.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE