FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2011 DEC 16  AM 10: 43

MARK J. CUYLER,                              Case No. 6:11-cv- _____

          Plaintiff,

v.

JUDGE STEVEN D. MERRYDAY,

          Defendant.
_____/

## DEFENDANT'S MOTION REQUESTING COMPLIANCE WITH THE COURT'S NOVEMBER 14, 2011 ORDER REQUIRING LITIGATION PRE-SCREENING AND MEMORANDUM IN SUPPORT

Defendant, the Honorable STEVEN D. MERRYDAY, through his counsel the United States Attorney, Middle District of Florida, moves for compliance with this Court's Order of November 14, 2011, requiring pre-screening of Plaintiff's action for merit prior to filing.  As grounds for this motion, Defendant states as follows:

1.     On August 4, 2011, this Court issued its Order enjoining Plaintiff from filing any new action in the United States District Court, Middle District of Florida, Orlando Division, without first having such action screened for arguable merit by a judicial officer.  Cuyler v. Presnell et al., Case No. 6:11-cv-623-Orl-22DAB (hereinafter this case shall be referred to as Presnell I) Dkt. 11, attached hereto as Exhibit A. Any complaint found to have merit would be filed.  However, if a complaint was found to lack merit, the complaint would be returned to

Plaintiff without filing, and Plaintiff would be subject to a monetary sanction in the event a tendered complaint was found to be without merit. Plaintiff was personally served with a copy of this August 4, 2011 Order on August 16, 2011. Id. at Dkt. 13.

    2.    In an effort to circumvent the pre-screening requirement instituted by the August 4, 2011 Order, on or about October 18, 2011, Plaintiff filed suit in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (hereinafter Circuit Court Action), naming several judges of the United States District Court, Middle District of Florida, Orlando Division, and Judge Mark E. Fuller, of the United States District Court, Middle District of Alabama. This Circuit Court Action was removed to this court and assigned to the docket of the Honorable Steven D. Merryday. Cuyler v. Fuller, et al., Case No. 6:11-cv-1789-SDM-KRS.

    3.    As a result of Plaintiff's flagrant attempt to circumvent the limits placed on the filing of federal actions, Defendant Presnell moved to modify the August 4, 2011 Order, seeking to extend the scope of the litigation pre-screening injunction to filings in any federal court, state court or other forum. Cuyler v. Presnell et al., Case No. 6:11-cv-623-Orl-22DAB, Dkt. 15. By Order dated November 14, 2011, Judge Merryday, granting the motion in part, modified the August 4, 2011 Order requiring litigation pre-screening and permanently enjoined the Plaintiff from commencing any new actions in any federal forum without first

2

obtaining leave to do so.  Exhibit B.  Further, Plaintiff was permanently enjoined from filing suit against any federal judge of the United States, or judicial employee to any federal judge, in state, county, municipal or other non-federal forum without first obtaining leave of the instant court, *i.e.*, the United States District Court, Middle District of Florida.  Id. at Dkt. 20.  The November 14, 2011 modified pre-screening order was personally served on Plaintiff on November 17, 2011.  Id. at Dkt. 23.

4.     In direct violation of the November 14, 2011 modified pre-screening Order, on November 23, 2011, Plaintiff filed the instant action in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (hereinafter Circuit Court Action 2), against Defendant Merryday.  However, Plaintiff failed to seek, much less obtain, leave of this Court to file Circuit Court Action 2.

5.     Despite Plaintiff's flagrant and contemptuous conduct, in direct contravention of this Court's November 14, 2011 modified litigation pre-screening order, this action should be handled and pre-screened for merit in accordance with such Order.  If the procedures set in place by this Court are not adhered to, Plaintiff will have achieved indirectly that which he was not permitted to do directly without leave of this Court.

## MEMORANDUM

Plaintiff has shown, by the filing of the instant action, that he has no intention of complying with this Court's November 14, 2011 Order requiring him to seek leave of court before filing any new civil action. As a result of Plaintiff's defiance, this Court should nonetheless enforce its Order and pre-screen Plaintiff's action for merit.

In the November 14th Order entered in <u>Presnell I</u>, the Court set forth the pre-screening procedures to be followed should Plaintiff seek to file another civil action in any non-federal forum. Hence, the Court directed the following procedures:

> A motion for leave filed in the Middle District of Florida shall be handled in the following manner. The Clerk's Office shall forward the motion to the senior Magistrate Judge of the respective Division for review and screening. The Magistrate Judge should determine whether the complaint has arguable merit.

> If the action is arguably meritorious and the respective plaintiff seeks to sue in the Middle District of Florida, the Magistrate Judge shall issue an order directing the Clerk to assign the complaint in accord with established procedure for random assignment. The Magistrate Judge's order shall be docketed along with the complaint in the new civil case.

> If the action is arguably meritorious and the respective plaintiff seeks leave to initiate a proceeding in a non-federal forum, the Magistrate Judge shall issue an order granting the respective plaintiff leave to initiate the proceeding in a non-federal forum.

> If, however, the Magistrate Judge's preliminary review determines that the tendered complaint lacks arguable merit,

4

> the Magistrate Judge shall enter an order denying the motion, and the Clerk shall return, after making a copy for the court, the motion and the complaint to the respective plaintiff. Both the Magistrate Judge's order determining that the complaint lacks arguable merit and the copy of the tendered complaint shall be filed on the docket of miscellaneous case 6:11-mc-90-ACC. Upon a finding that a complaint lacks arguable merit, the respective plaintiff shall be fined $500.00 per case and otherwise sanctioned as the Court deems appropriate.

Cuyler v. Presnell, et al., Case No. 6:11-cv-623-Orl-22DAB, Dkt. 20 (Exhibit B at p. 4-5)

Although Plaintiff has elected not to submit a motion specifically seeking leave to file this action, this Court should construe the instant motion and the Circuit Court Action 2 as a request for leave to file such action. As the Circuit Court Action 2 is being contemporaneously removed to this Court, nothing should preclude this Court from instituting and following the procedures set forth in the November 14th Order. Should this Court find arguable merit in Plaintiff's complaint, this matter should be docketed and proceed as any other case. However, allowing Plaintiff to ignore this Court's order and to flaunt this Court's authority, would permit Plaintiff to continue with his harassing and abusive litigation.

CONCLUSION

Based upon the foregoing, Defendant respectfully requests that this Court

enforce the procedures set forth in the Court's November 14, 2011 Order,

requiring the pre-screening of any new complaints tendered for filing by Plaintiff.

Dated: December 16 , 2011                     Respectfully Submitted,

                                              ROBERT E. O'NEILL
                                              United States Attorney

                                              /s/ Ronnie S. Carter
                                              RONNIE S. CARTER
                                              Assistant United States Attorney
                                              Trial Counsel
                                              Florida Bar No. 0948667
                                              United States Courthouse
                                              300 North Hogan Street, Suite 700
                                              Jacksonville, Florida 32202-4270
                                              Telephone No. (904) 301-6324/6300
                                              Facsimile No. (904) 301-6363/6310
                                              Email: Ronnie.Carter@usdoj.gov

cc:    Hon. Steven D. Merryday

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of December, 2011, I

electronically filed the foregoing document with the Clerk of the Court by using

the CM/ECF system, and I furnished a copy of the foregoing document by first-

class mail, to the following non-CM/ECF participant(s) listed below:

Mark Cuyler
1421 Caring Court
Maitland, FL 32751

/s/ Ronnie S. Carter
RONNIE S. CARTER
Assistant United States Attorney

7

# EXHIBIT A

## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARK CUYLER and  TERESA A.
MITCHELL,

             **Plaintiffs,**

-vs-                              **Case No.  6:11-cv-623-Orl-22DAB**

GREGORY A. PRESNELL and UNITED
STATES OF FLORIDA [sic],

             **Defendants.**

---

## ORDER REQUIRING LITIGATION PRE-SCREENING

### I. INTRODUCTION

    This case is but one of several in which Plaintiffs Mark Cuyler and Teresa A. Mitchell have

sued federal judges who ruled against them in lawsuits they filed in this Court. On July 8, 2011, the

Court dismissed this case and required Plaintiffs to show cause in writing "(a) why they should not

be sanctioned for filing this frivolous and abusive lawsuit and (b) why they should not be enjoined

from filing further lawsuits in this Court without pre-screening by a judicial officer." (Doc. No. 9 ¶

3.)[1] Consistent with the vexatious litigation tactics they have employed thus far in their cases, rather

than responding to the merits, Plaintiffs filed a document in which they argued that the show-cause

order was "No Good," asserted that the undersigned judge had committed treason, and audaciously

---

    [1]The Court expressly reserved jurisdiction to resolve the issues of sanctions and injunctive
relief. (Doc. No. 9 ¶ 4.)

maintained that the undersigned judge must herself show cause regarding a host of imagined grievances. (Doc. No. 10.)

This nonsense must stop. Plaintiffs' trail of frivolous and abusive litigation has diverted the attention of nearly every judge in the Orlando Division away from the real and legitimate business of this Court: deciding cases brought by litigants who, unlike Plaintiffs, do not seek to subvert the judicial system. This has wasted valuable judicial resources at a time when they are particularly precious - given the tight economic times and Court's extremely heavy workload - and has at least deferred the delivery of justice to other litigants with cases pending in this Court. In an effort to bring a halt to Plaintiffs' nefarious practices, the Court will require all future complaints Plaintiffs submit to be pre-screened by a magistrate judge, who will determine whether they may legitimately be filed as new lawsuits.[2] If that measure does not succeed in curbing Plaintiffs' abusive behavior, then the Court will consider further remedial measures.

---

[2]The undersigned judge has carefully considered the Committee on Codes of Conduct's Advisory Opinion No. 103, entitled "Disqualification Based on Harassing Claims Against Judge," and believes she need not recuse herself from this case and may otherwise ethically handle this matter. As stated in that Advisory Opinion, "Review of a complaint against a judicial colleague where the litigation is patently frivolous or judicial immunity is plainly applicable will not ordinarily give rise to a reasonable basis to question the assigned judge's impartiality, and disqualification would rarely be appropriate." The Advisory Opinion also makes clear that a judge is not automatically disqualified from a case based on the fact that a litigant, disgruntled by an adverse ruling, sues the same judge in another case. Recusal in this instance would undermine public confidence in the integrity of the judiciary, would reward Plaintiffs for their manipulative and abusive tactics, and would even encourage Plaintiffs to continue their course of abusive conduct. Under the particular circumstances presented, the undersigned does not believe her impartiality might reasonably be questioned by continuing to preside over this case. Finally, as Advisory Opinion No. 103 makes clear, "the issuing of a protective order of broad applicability by a judge is not improper, even though it may indirectly or incidentally benefit the issuing judge."

-2-

## II. BACKGROUND

The Plaintiffs filed their first lawsuit, Case No. 6:10-cv-1646-Orl-35GJK, in November 2010. Their complaint named Aurora Loan Services LLC ("Aurora") as a defendant. In substance, that suit asserted that Aurora had committed fraud against the Plaintiffs by filing a frivolous complaint to foreclose on their home. The case was assigned to District Judge Mary Scriven.

In December 2010, Judge Scriven issued an order (1) dismissing the fraud claim without prejudice for failure to plead necessary elements; (2) dismissing the §1983 claims with prejudice, since Plaintiffs did not allege that Aurora, a private litigant, acted under color of law and they failed to identify any federal violations; and (3) denying the Plaintiffs' request for sanctions and entry of a default judgment. (Doc. No. 13 in 10-1646.)[3] Judge Scriven granted Plaintiffs leave to file an amended complaint if they wished to pursue their fraud claim. (Id.)

Piqued by Judge Scriven's order, Plaintiffs responded by filing a combined objection, motion for reconsideration and motion to disqualify Judge Scriven. (Doc. No. 14 in 10-1646.) This motion was patently frivolous, particularly insofar as it sought Judge Scriven's recusal, and plainly reflected dissatisfaction with her rulings. Judge Scriven denied the motion. (Doc. No. 16 in 10-1646.) Plaintiffs also filed a motion seeking to compel Judge Scriven and all other judges of this Court to disclose their "financial interest" based on wholly speculative and unsupported allegations that Judge Scriven had a financial interest "or affiliates with the defendant and or the law firm of defendant." (Doc. No. 17 in 10-1646.) Judge Scriven denied that motion, too, explaining that she had no

---

[3]For brevity's sake, the Court will use this shorthand convention (the two-digit filing year and case sequence number) to refer to Plaintiffs' cases.

affiliation with the defendant or its counsel that would require recusal and "[t]he affiliation of other judges not assigned to the case is irrelevant to these proceedings." (Doc. No. 18 in 10-1646.)

Two days later, in obvious retaliation for these rulings, Plaintiffs filed their second lawsuit, Case No. 6:11-cv-87-MEF, this time naming Judge Scriven and The State of Florida as defendants.[4] Their complaint asserted a litany of perceived grievances, all arising from Judge Scriven's handling of 10-1646. What's more, Plaintiffs saw fit to accuse Judge Scriven of treason (a charge they would repeat against every judge they sue). Additionally, they sought damages in the exorbitant sum of $10,000,000 (half to be paid by Judge Scriven and the other half, by the State of Florida).

The suit against Judge Scriven was initially assigned to District Judge John Antoon II. When Judge Antoon recused, District Judge Mark E. Fuller of the Middle District of Alabama was assigned to the case. On March 9, 2011, Judge Fuller issued an order dismissing the case. (Doc. No. 12 in 11-87.) Judge Fuller found that all of Plaintiffs' claims were frivolous or malicious, failed to state a claim for relief, or sought monetary relief against defendants who were immune from such relief. (Doc. No. 12 at pp. 8-9 in 11-87.) Regarding the latter point, Judge Fuller determined that Judge

---

[4]After Plaintiffs sued Judge Scriven in 11-87, they filed two more motions to disqualify her in 10-1646 (Doc. Nos. 19 & 21 in 10-1646), multiple objections to her orders (Doc. Nos. 24, 28, 33, 34 & 36 in 10-1646), and a motion to stay the case (Doc. No. 25 in 10-1646). In her order addressing the second motion to disqualify, Judge Scriven determined that the new lawsuit did not require her recusal; however, in an abundance of caution, she directed the Clerk to administratively close 10-1646 until the Court decided whether 11-87 could proceed. (Doc. No. 20 in 10-1646.) She stated: "If the action is allowed to proceed past the motion to dismiss stage, the Undersigned will recuse. If not, the matter will then be reopened and the Undersigned will continue to preside in the normal course." (Id.) After District Judge Mark Fuller dismissed 11-87 as legally meritless, Judge Scriven directed the Clerk to reopen 10-1646 and continued to preside over it. (Doc. No. 23 in 10-1646.) She also denied Plaintiffs' third recusal motion. (Id.) On July 5, 2011, Judge Scriven dismissed the case without prejudice after Plaintiffs failed to file an amended complaint despite being granted leave to do so. (Doc. No. 35 in 10-1646.)

-4-

Scriven was entitled to absolute judicial immunity since all of the complained-of acts were taken in her judicial capacity. (Id. at pp. 3-4.)[5] Finally, Judge Fuller cautioned Plaintiffs that their pro se status did not exempt them from the requirements of Fed. R. Civ. P. 11; he warned that "Rule 11 clearly authorizes sanctions for violations of its provisions in whatever form is necessary to deter repetition of the conduct." (Id. at p. 9.)

Plaintiffs reacted by filing a "Motion for Non-Joinder," by means of which they sought to penalize Judge Fuller for his rulings and force him to recuse by adding him as a defendant in 11-87. (Doc. No. 14 in 11-87.) Plaintiffs also filed an objection to Judge Fuller's order and the resulting judgment. (Doc. No. 16 in 11-87.) Construing the objection as a motion to alter, amend or vacate the judgment, Judge Fuller denied both that motion and the motion seeking his joinder. (Doc. No. 17 in 11-87.) Judge Fuller determined that the proposed amendment was "frivolous and futile" inasmuch as Judge Fuller enjoyed judicial immunity for his rulings in the case. (Id.) Judge Fuller further found that the motion to alter, amend or vacate was "wholly without merit." (Id.)[6]

---

[5]Regarding the co-defendant, Judge Fuller determined that the State of Florida was entitled to Eleventh Amendment immunity and, in any event, did not qualify as a "person" under the civil rights statutes. (Doc. No. 12 at pp. 5-6 in 11-87.)

[6]After Plaintiffs brought suit against Judge Fuller in 11-429, they filed a motion to stay 11-87. (Doc. No. 18 in 11-87.) Therein, they noted that Judge Fuller had been sued in the new suit; they also claimed the FBI was investigating "the civil rights violations by the judges of this court." (Id.) On that basis, they argued 11-87 must be stayed until final decision was reached in the suit naming Judge Fuller and the FBI concluded its supposed investigation. (Id.) Plaintiffs also filed a motion for entry of default against Judge Scriven and the State of Florida in 11-87. (Doc. No. 19 in 11-87.) Despite Judge Fuller's dismissal of that case, Plaintiffs sought a default on the asserted basis that Judge Scriven and the State of Florida had failed to answer the complaint. (Id.) Judge Fuller denied the motion to stay and the motion for default. (Doc. No. 20 in 11-87.) Plaintiffs then filed an objection to those rulings. (Doc. No. 21 in 11-87.)

Less than a week later, Plaintiffs filed a third lawsuit, Case No. 6:11-cv-429-Orl-31GJK, this time naming Judge Scriven, Judge Fuller and the undersigned Judge as defendants.[7] Once again, the complaint was based on acts indisputably taken in the named judges' judicial capacities. Yet again, the pleading accused the judges of treason. This time, Plaintiffs sought damages totaling $100,000,000.

The case was assigned to District Judge Gregory A. Presnell. Shortly after it was filed, Judge Presnell dismissed the complaint with prejudice. (Doc. No. 2 in 11-429.) He expressly found that the complaint was "patently frivolous." (Id.) Moreover, he said, in light of Judge Fuller's dismissal order in 11-87, the latest complaint was "willfully malicious." (Id.) Accordingly, Judge Presnell ordered the Plaintiffs to show cause in writing why they should not be sanctioned for filing the complaint in 11-429. (Id.)[8]

Predictably, Plaintiffs responded by filing an objection to Judge Presnell's dismissal order and a motion to disqualify him. (Doc. Nos. 4 & 5 in 11-429.) Judge Presnell denied the recusal motion. (Doc. No. 8 in 11-429.)[9]

---

[7]Plaintiffs also named as a defendant a non-existent entity, the "United States of State of Florida."

[8]Subsequently, Judge Presnell addressed the Plaintiffs' objection to the show-cause order, which he construed as a motion for reconsideration and a response to that order. (Doc. No. 15 in 11-429.) He determined that Plaintiffs' objection was "without merit and fail[ed] to absolve them of their vexatious conduct in bringing this action against federal judges who, under the circumstances, are entitled to absolute immunity." (Id.) Accordingly, he overruled the objection and directed the Clerk to close the case, but expressly reserved jurisdiction to impose sanctions against Plaintiffs. (Id.) The sanctions issue remains open.

[9]Following Judge Presnell's order dismissing the complaint in 11-429 with prejudice, the Clerk mistakenly issued summonses. Consequently, some of the judges named in that case were served with initial process. This prompted Plaintiffs to seek a default judgment against the judicial

These adverse rulings prompted Plaintiffs to file the instant suit, Case No. 6:11-cv-623-Orl-22DAB, against Judge Presnell.[10] Once again, the complaint was based on Judge Presnell's judicial acts undertaken while presiding over Plaintiffs' lawsuit. Once again, Plaintiffs accused the defendant judge of treason. Once again, Plaintiffs sought $100,000,00 in damages.

This case (the instant case) was assigned to the undersigned judge. On motion of the defendant, the Court dismissed the case with prejudice, stating:

> 1. The Motion to Dismiss by the Honorable Gregory A. Presnell and the United States of America (Doc. No. 6), filed on June 17, 2011, is GRANTED.
>
> This action fails to state a viable claim for relief. Worse, it is patently frivolous and abusive. Plaintiffs seek to hold Judge Presnell liable based on his rulings in a prior civil case filed by Plaintiffs against three other members of the federal judiciary. In fact, Plaintiffs have sued each of the active district judges in the Orlando Division - including the undersigned judge - who have ruled against them in civil litigation. As he notes in his motion to dismiss, Judge Presnell enjoys absolute judicial immunity from liability for the acts complained of, which were clearly undertaken in his capacity as a judicial officer and within his jurisdiction as such. Further, the co-Defendant named in the Complaint, "The United States of Florida," is not a viable legal entity. For these reasons, Plaintiffs' claims will be dismissed.
>
> 2. Ordinarily, the undersigned judge would have recused herself from this case based on the fact that another judge of the court is named as a defendant herein and these Plaintiffs have sued the undersigned judge in another case. However, because Plaintiffs sue every district judge who rules against them, recusal now would merely shift the case to yet another judge whom the Plaintiffs would then sue. The undersigned has already once obtained designation of an out-of-district judge to

defendants. (Doc. No. 13 in 11-429.) Judge Presnell denied that motion; by virtue of his dismissal order, he noted that there was no outstanding complaint to which a responsive pleading was required. (Doc. No. 14 in 11-429.)

[10]Once more, Plaintiffs also named the "United States of State of Florida."

handle one of Plaintiffs' lawsuits against a judge of this district; when that visiting judge ruled against them, the Plaintiffs sued him, too. The Court will not further enable the Plaintiffs in their abusive strategy of judge-shopping. Under these unique circumstances, the undersigned judge determines that her recusal is unwarranted.

3. On or before August 1, 2011, Plaintiffs shall show cause in writing (a) why they should not be sanctioned for filing this frivolous and abusive lawsuit and (b) why they should not be enjoined from filing further lawsuits in this Court without pre-screening by a judicial officer. **Failure to respond to this Order may result in the imposition of sanctions and/or an injunction without further notice.**

4. This case is DISMISSED, WITH PREJUDICE. The Clerk is directed to close the case. The Court retains jurisdiction to resolve the issue of sanctions and injunctive relief addressed by paragraph 3 of this Order.

(Doc. No. 9 in 11-623) (emphasis added.)

Persisting in their effrontery, Plaintiffs responded by asserting that the show-cause order was "No Good," that it constituted a criminal act, and that the undersigned judge was under FBI investigation for violating the Plaintiffs' constitutional rights. (Doc. No. 10 in 11-623.) What's more, Plaintiffs demanded that the undersigned judge herself show cause in writing regarding a host of matters, including why she should not be charged with treason and removed from office. (Id.)

Plaintiff Cuyler has also sued yet another of this Court's district judges, John Antoon II, in retaliation for his rulings in another civil case Cuyler filed.[11]   The suit against Judge Antoon is

---

[11]In that case, Case No. 6:11-cv-1-Orl-28GJK, Cuyler sued "Wachovia Bank, N.A. of Wells Fargo Bank, N.A.;" and "State Farm Florida Insurance Company." (Doc. No. 9 ¶ 1 in 11-1.) Generally speaking, Cuyler's amended complaint alleges that the three defendants "committed fraud, breach of contract, and wrongful garnishment procedures against plaintiff by conspiring to defraud plaintiff out of money." (Id.)  Judge Antoon denied multiple motions Cuyler filed seeking his disqualification. (See Doc. Nos. 35, 37 & 39 in 11-1.) After the third such denial, Cuyler sued Judge Antoon in 11-861. Case Number 11-1 was closed following Cuyler's failure to file a second amended

assigned Case No. 6:11-cv-861-Orl-35GJK; like all the other suits against judges of this Court, it is based on Judge Antoon's rulings as a judge presiding over civil litigation involving Cuyler. Once again, Cuyler levied his treason accusation. This time, he upped the damages ante to $150,000,000. The case is currently assigned to Judge Scriven. A motion to dismiss is pending.

In his most recent lawsuit, Case No. 6:11-cv-1225-Orl-31GJK, Cuyler sues every district and magistrate judge in the Orlando Division (save its senior judges and one magistrate judge), along with Judge Fuller. Once again, this complaint arises from the named defendants' judicial acts taken in connection with civil litigation brought by Plaintiffs. Once again, Cuyler accuses the named judges of treason. This time, Cuyler seeks damages in the sum of $800,000,000. Recently, Cuyler filed a motion in 11-1225 to stay all other lawsuits filed by Plaintiffs based on the pendency of the most recent lawsuit and the FBI investigation he claims is underway. (Doc. No. 3 in 11-1225.)[12]

---

complaint after having been granted leave to amend. (Doc. No. 49 in 11-1.)

In another Cuyler case over which Judge Antoon is presiding, Case No. 6:11-cv-237-Orl-28GJK, Cuyler sued a state judge, a state court deputy clerk, an attorney and a law firm, and the State of Florida arising from state court proceedings and the issuance of a writ of garnishment. A report and recommendation, recommending dismissal of the complaint with prejudice, is pending. (Doc. No. 46 in 11-237.) After the magistrate judge assigned to the case, Gregory J. Kelly, issued rulings adverse to Cuyler, Cuyler filed a frivolous motion to disqualify Judge Kelly. (Doc. No. 41 in 11-237.) Judge Kelly denied that motion. (Doc. No. 45 in 11-237.) Following such denial, Cuyler sued Judge Kelly in 11-1225.

[12]Plaintiffs have one other lawsuit, Case No. 6:11-cv-1006-Orl-35GJK, pending in the Orlando Division. In that case, Plaintiffs sued Aurora Loan Services, LLC (the same defendant in 10-1646); a state court judge; and a law firm for their actions in connection with a state court foreclosure proceeding. The case is assigned to Judge Scriven. On July 5, 2011, Judge Scriven entered an Order noting that the state court judge was entitled to absolute judicial immunity; the claims against the law firm were frivolous; and the claims against Aurora were duplicative, frivolous and/or failed to meet federal pleading standards. (Doc. No. 8 in 11-1006.) Judge Scriven observed: "The Court suspects the manifest purpose of Plaintiffs' Complaint is to 'judge shop' because the Undersigned previously dismissed Plaintiffs' claims against Defendant Aurora and denied three separate motions to recuse." (Id. at p. 5.) Accordingly, Judge Scriven required Plaintiffs to show cause why they should not be

From this tangled procedural history, a clear pattern emerges. When a judge rules against them, the Plaintiffs respond by filing frivolous (and usually successive) motions seeking disqualification of that judge. When that tack fails, Plaintiffs then file a lawsuit against the judge, seeking exorbitant sums as damages, in retaliation for the adverse rulings. Then, Plaintiffs return their attention to the original case and argue the judge cannot continue to preside over it because they have sued the judge. It is an understatement to characterize this course of action, repeated over and over again, as an abuse of the judicial system.

## III. ANALYSIS

Injunctions designed to protect against abusive and vexatious litigation are an acceptable method for dealing with extraordinarily vindictive litigants like Plaintiffs. *See Martin-Trigona v. Shaw*, 986 F.2d 1384 (11th Cir. 1993) (upholding dismissal of abusive lawsuit that violated district court's permanent injunction prohibiting vindictive litigant from initiating new litigation in any federal court without first obtaining that court's permission). The district court possesses considerable discretion in fashioning such an injunction; however, it may not completely foreclose the litigant from any and all access to the court. *Martin-Trigona*, 986 F.2d at 1387. Injunctions of this type are sometimes the only effective means of curbing abusive serial litigation tactics employed by those rare litigants hell-bent on subverting the judicial process. Such injunctions are particularly appropriate

---

sanctioned pursuant to Fed. R. Civ. P. 11 "and/or why Plaintiffs should not be deemed vexatious litigants who are required to post a cash bond before filing any additional claims or motions with the Court." (Id. at p. 6.) Rather than responding to the merits of the show-cause order, Plaintiffs objected on the basis that it was "No Good." (Doc. No. 11 in 11-1006.) On July 26, 2011, Judge Scriven stayed the case pending resolution of 11-1225, the most recent Cuyler lawsuit naming her as a defendant. (Doc. No. 17 in 11-1006.)

when the target of the vindictive litigant's ire is a judge who has ruled against that litigant, for such suits are squarely intended to strike at the heart of an independent and impartial judiciary.

Applying these standards to the present circumstances, the Court finds that an injunction of this type is imperative. Through their abusive and frivolous lawsuits, Plaintiffs have repeatedly engaged in a concerted effort to subvert the judicial process by retaliating against those judges who have the perceived audacity to properly apply the law and rule against them. In fact, the Court has never seen such a blatant effort at judge-shopping. What's more, Plaintiffs' campaign of suing the Orlando judges who have presided over their cases has had a real and tangible negative impact. The foremost casualty has been the administration of justice. As a result of Plaintiffs' baseless filings, the Orlando judges have been required - time and time again - to divert their attention away from legitimate cases involving litigants who have no ulterior motives and wish no more than to have their cases decided in a timely fashion. At a time when this Court must deal with heavy dockets, scarce judicial resources and even scarcer funding, this is a decidedly bad thing. Further, the Plaintiffs' vexatious filings have required the undersigned, in her capacity as Chief Judge, to divert attention and resources away from the pressing and legitimate administrative business of this very busy Court to address the procedural and administrative ramifications of these baseless suits. In sum, Plaintiffs' frivolous and vindictive filings have repeatedly and unnecessarily wasted far too much of this Court's time.

Plaintiffs apparently believe they can convert the judicial system into an instrument of revenge and can bully the judiciary into issuing favorable rulings. That is not how the process works. This Court will not allow such gamesmanship to continue.

### III. CONCLUSION

-11-

In the undersigned judges' capacity as the district judge presiding over this case and as Chief Judge of this Court, it is ORDERED as follows:

1. Henceforth, any complaint Plaintiffs Mark Cuyler and/or Teresa A. Mitchell present to the Clerk's Office in the Orlando Division for filing shall be specially handled in the following manner. Rather than filing the complaint and opening a new case, the Clerk's Office shall forward it to the senior Magistrate Judge in the Orlando Division for review and screening. *See Copeland v. Green,* 949 F.2d 390, 391 (11th Cir. 1991) (upholding pre-filing screening requirements). The Magistrate Judge will determine whether the complaint has arguable merit; that is, a material basis in law and fact. No abusive, frivolous, scandalous, or otherwise impertinent complaint shall be permitted. If the action is arguably meritorious, the Magistrate Judge shall issue an order so stating and shall direct the Clerk of Court to file the complaint for a normal assignment. Such order shall be docketed along with the complaint in the new civil case. If, however, the Magistrate Judge's preliminary review determines that the tendered complaint has no arguable merit, the Magistrate Judge shall enter an order so finding, in which event the complaint will not be filed with the Court. Instead, the Clerk's Office shall return the original tendered complaint to Plaintiff(s) after making a copy for the Court. The Magistrate Judge's order determining that the tendered complaint has no arguable merit and the copy of the tendered complaint shall both be filed in the miscellaneous case referenced in paragraph 2 of this Order. Upon a finding that a tendered complaint lacks arguable merit, Plaintiff(s) shall be subject to a monetary sanction in the amount of $500.00 per case and/or such other sanctions as the Court deems appropriate.

2. In addition to docketing this Order in the instant case, the Clerk shall open a miscellaneous case and shall file the Order in that case, as well. Hereafter, any order determining that a complaint

-12-

tendered by Plaintiff(s) has no arguable merit shall also be filed in the miscellaneous case, along with a copy of the complaint in question.

3. The remedial measures imposed by this Order are in no way intended to restrict the other judges' authority to impose sanctions, if appropriate, in the cases the Plaintiffs have already filed in this Court.

4. On or before August 15, 2011, the United States Marshal shall personally serve Mark Cuyler and Teresa A. Mitchell with a copy of this Order and shall promptly thereafter file a return of such service.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on August 3, 2011.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

All Orlando District and Magistrate Judges
District Judge Mark Fuller, Middle District of Alabama
Clerk of Court
Chief Deputy Clerk of Court - Operations
Orlando Clerk's Office Division Manager
Eric Thompson, Supervisory Deputy U.S. Marshal
Cleveland Jenkins, Deputy U.S. Marshal
Counsel of Record
Unrepresented Party

-13-

# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK J. CUYLER and TERESA A.
MITCHELL,

     Plaintiffs,

v.                            CASE NO.: 6:11-cv-623-ORL-22DAB

GREGORY A. PRESNELL and UNITED
STATES OF FLORIDA [sic],

     Defendants.

_____/

## ORDER

An August 4, 2011, order (Doc. 11) details the history of harassing and vexatious litigation by the plaintiffs, Mark J. Cuyler and Teresa A. Mitchell. The order requires a pre-litigation screening of each complaint either plaintiff files in the Orlando Division of the Middle District of Florida. The plaintiff Mark J. Cuyler responded by circumventing the pre-screen and suing seven federal judges in the Orange County, Florida, Circuit Court. See Doc. 15-1. Arguing that the plaintiffs "have demonstrated their intent to continue their frivolous and vindictive filings in other jurisdictions," the United States moves (Doc. 15) to modify the injunction to "expressly cover new actions, complaints and claims for relief in any federal court, state court[,] or other forum." Neither plaintiff responds.

## Discussion

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). However, an injunction designed to protect a federal court from abusive and vexatious litigation cannot completely foreclose a litigant from access to the court. Martin-Trigona v. Shaw, 986 F.2d 1384, 1387 (11th Cir. 1993) (citing Procup, 792 F.2d at 1074). Otherwise, a district court maintains "considerable discretion" to restrict the filings of a vexatious litigant. Traylor v. City of Atlanta, 805 F.2d 1420 (11th Cir. 1986); accord Martin-Trigona, 986 F.2d at 1387 (citing Procup, 792 F.2d at 1074); see also Copeland v. Green, 949 F.2d 390 (11th Cir. 1991); Cofield v. Ala. Public Service Comm'n, 936 F.2d 512 (11th Cir. 1991); In re Roy Day Litigation, 976 F. Supp. 1455 (M.D. Fla. 1995).

Also, the All Writs Act, 28 U.S.C. § 1651, allows the issuance of an injunction that bars an enjoined party from filing or maintaining a new frivolous state court claim. Dombrowski v. Pfister, 380 U.S. 479, 484 n.2 (1965) (holding that the Anti-Injunction Act, 28 U.S.C. § 2283, does not prohibit an injunction against a party's instituting a state court action); Riccard, 307 F.3d at 1295 n.15 (upholding an injunction that prevented a plaintiff and anyone acting on his behalf from suing without leave certain named defendants "in any court, forum, [or] tribunal.").

Given the pattern of frivolous, harassing, and vexatious litigation,[1] coupled with the recent lawsuit filed in a Florida circuit court to circumvent the August 4, 2011,

---

[1]See Doc. 11.

- 2 -

injunction, the plaintiffs prove that an injunction limited to the Orlando Division of the Middle District of Florida will fail to prevent further abuse of the judicial process.[2] Accordingly, the United States's motion (Doc. 15) to modify the August 4, 2011, injunction is **GRANTED IN PART**.

Pre-Litigation Screen

Paragraph one of the August 4, 2011, injunction (Doc. 11, p.12) is **MODIFIED**. The below three subsections are **SUBSTITUTED** for paragraph one of the August 4, 2011, injunction (Doc. 11, p.12):

I.  New Lawsuits in Federal Forums

Mark J. Cuyler and Teresa A. Mitchell are permanently enjoined from initiating a lawsuit, action, proceeding, writ, or other matter in a federal court or other federal legal forum without first obtaining leave of that court or forum. In moving for leave, the respective plaintiff (1) shall file with the proposed complaint a motion entitled "Motion Seeking Leave to File a Complaint;" (2) shall attach as "Exhibit 1" of the motion a copy of this order; (3) shall attach as "Exhibit 2" of the motion a copy of the August 4, 2011, pre-screen injunction, (Doc. 11) which also details the plaintiffs' litigation history; and (4) if granted leave to proceed with the lawsuit, shall serve on each defendant a copy of the documents specified in (1), (2), and (3) above.

---

[2]On October 24, 2011, the United States served on the plaintiff the motion to modify the injunction. See Doc. 15, p.5. Local Rule 3.01(c) and Federal Rule of Civil Procedure 6(d) combine to grant the plaintiffs fourteen days to respond. Twenty-one days later, the plaintiffs remain silent.

## II.  New Lawsuits in Non-Federal Forums

The plaintiffs are permanently enjoined from initiating against an active, senior, or retired Article III judge, or magistrate judge, or bankruptcy judge of the United States, or a judicial employee acting on behalf of a federal judge, a lawsuit, action, proceeding, writ, or other matter in a state, county, municipal, or other non-federal court or legal forum in the United States without first obtaining leave from this court.[3] In moving for leave, the respective plaintiff (1) shall file with the proposed complaint a motion entitled "Motion Seeking Leave to File a Complaint;" (2) shall attach as "Exhibit 1" of the motion a copy of this order; (3) shall attach as "Exhibit 2" of the motion a copy of the August 4, 2011, pre-screen injunction, (Doc. 11) which also details the plaintiffs' litigation history.

## III.  Procedure in the Middle District of Florida

A motion for leave filed in the Middle District of Florida shall be handled in the following manner. The Clerk's Office shall forward the motion to the senior Magistrate Judge of the respective Division for review and screening. The Magistrate Judge should determine whether the complaint has arguable merit.

If the action is arguably meritorious and the respective plaintiff seeks to sue in the Middle District of Florida, the Magistrate Judge shall issue an order directing the Clerk to assign the complaint in accord with established procedure for random assignment. The Magistrate Judge's order shall be docketed along with the complaint in the new civil case.

---

[3]See Riccard, 307 F.3d at 1298-99.

- 4 -

If the action is arguably meritorious and the respective plaintiff seeks leave to initiate a proceeding in a non-federal forum, the Magistrate Judge shall issue an order granting the respective plaintiff leave to initiate the proceeding in a non-federal forum.

If, however, the Magistrate Judge's preliminary review determines that the tendered complaint lacks arguable merit, the Magistrate Judge shall enter an order denying the motion, and the Clerk shall return, after making a copy for the court, the motion and the complaint to the respective plaintiff. Both the Magistrate Judge's order determining that the complaint lacks arguable merit and the copy of the tendered complaint shall be filed on the docket of miscellaneous case 6:11-mc-90-ACC. Upon a finding that a complaint lacks arguable merit, the respective plaintiff shall be fined $500.00 per case and otherwise sanctioned as the Court deems appropriate.

<u>Further Instruction to the Clerk and United States Marshal</u>

In addition to docketing this order in this case, the Clerk shall also docket this order in miscellaneous case 6:11-mc-90-ACC. In the future, the Clerk shall also file each order that determines that a complaint by a respective plaintiff lacks arguable merit, along with a copy of the complaint in question.

The United States Marshal is directed to promptly and personally serve Mark J. Cuyler and Teresa A. Mitchell with a copy of this order and to promptly file a return of service.

ORDERED in Tampa, Florida, on November 14, 2011.

**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**