# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE:**

**MARK J. CUYLER,**
       **Plaintiff**

                                                        **Case No. 6:11-MC-90-ORL-22DAB**

**-vs-**

**JUDGE STEVEN D. MERRYDAY,**
       **Defendant**
_____/

## ORDER AND REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT'S MOTION REQUIRING LITIGATION PRE-SCREENING (Doc. No. 3)**
>
> **FILED:**      **December 16, 2011**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED, as set forth herein**.

Following a "history of harassing and vexatious litigation" by this plaintiff, Chief Judge Conway enjoined Plaintiff from filing further complaints in this Court except through a pre-screening process. *See Mark Cuyler and Teresa A. Mitchell v. Gregory A. Presnell and United States of Florida [sic],* Case No. 6:11-cv-623-ORL-22-DAB ("the Injunction").[1] Plaintiff Mark J. Cuyler responded to this Order "by circumventing the pre-screen and suing seven federal judges in the Orange County, Florida, Circuit Court." *Id.* at Doc. No. 20.[2] On November 14, 2011, following reassignment of the

---

[1]The Injunction is also docketed in the instant case as Doc. No. 1.

[2]A copy of this Order is also docketed in the instant case, as Doc. No. 2.

matter and on motion of the United States, Judge Merryday modified the pre-screening requirement, as follows:

### Pre-Litigation Screen

Paragraph one of the August 4, 2011, injunction (Doc. 11, p.12) is MODIFIED. The below three subsections are SUBSTITUTED for paragraph one of the August 4, 2011, injunction (Doc. 11, p.12):

### I. New Lawsuits in Federal Forums

Mark J. Cuyler and Teresa A. Mitchell are permanently enjoined from initiating a lawsuit, action, proceeding, writ, or other matter in a federal court or other federal legal
forum without first obtaining leave of that court or forum. In moving for leave, the respective plaintiff (1) shall file with the proposed complaint a motion entitled "Motion Seeking Leave to File a Complaint;" (2) shall attach as "Exhibit 1" of the motion a copy of this order; (3) shall attach as "Exhibit 2" of the motion a copy of the August 4, 2011, pre-screen injunction, (Doc. 11) which also details the plaintiffs' litigation history; and (4) if granted leave to proceed with the lawsuit, shall serve on each defendant a copy of the documents specified in (1), (2), and (3) above.

### II. New Lawsuits in Non-Federal Forums

The plaintiffs are permanently enjoined from initiating against an active, senior, or retired Article III judge, or magistrate judge, or bankruptcy judge of the United States, or a judicial employee acting on behalf of a federal judge, a lawsuit, action, proceeding, writ, or other matter in a state, county, municipal, or other non-federal court or legal forum in the United States without first obtaining leave from this court.[fn omitted] In moving for leave, the respective plaintiff (1) shall file with the proposed complaint a motion entitled "Motion Seeking Leave to File a Complaint;" (2) shall attach as "Exhibit 1" of the motion a copy of this order; (3) shall attach as "Exhibit 2" of the motion a copy of the August 4, 2011, pre-screen injunction, (Doc. 11) which also details the plaintiffs' litigation history.

### III. Procedure in the Middle District of Florida

A motion for leave filed in the Middle District of Florida shall be handled in the following manner. The Clerk's Office shall forward the motion to the senior Magistrate Judge of the respective Division for review and screening. The Magistrate Judge should determine whether the complaint has arguable merit.
If the action is arguably meritorious and the respective plaintiff seeks to sue in the Middle District of Florida, the Magistrate Judge shall issue an order directing the Clerk
to assign the complaint in accord with established procedure for random assignment.

> The Magistrate Judge's order shall be docketed along with the complaint in the new civil case.
> If the action is arguably meritorious and the respective plaintiff seeks leave to initiate a proceeding in a non-federal forum, the Magistrate Judge shall issue an order granting the respective plaintiff leave to initiate the proceeding in a non-federal forum. If, however, the Magistrate Judge's preliminary review determines that the tendered complaint lacks arguable merit, the Magistrate Judge shall enter an order denying the motion, and the Clerk shall return, after making a copy for the court, the motion and the complaint to the respective plaintiff. Both the Magistrate Judge's order determining that the complaint lacks arguable merit and the copy of the tendered complaint shall be filed on the docket of miscellaneous case 6:11-mc-90-ACC. Upon a finding that a complaint lacks arguable merit, the respective plaintiff shall be fined $500.00 per case and otherwise sanctioned as the Court deems appropriate.

*Id.* (Doc. No. 2 in the instant case, herein "the modified Injunction"). The modified Injunction was personally served upon Plaintiff on November 17, 2011. [3]

On November 23, 2011, Plaintiff filed an action against Judge Merryday, in the state Circuit Court (Case No. 11-CA-015694 - "the state court action"). Plaintiff did not comply with the terms of the modified Injunction, and no motion for leave to file the state court action was sought or obtained. The matter was removed to this Court, and assigned to this docket, and Defendant moves for the required pre-screening. In compliance with the terms of the Injunction and the modified Injunction, the undersigned, as the senior United States Magistrate Judge, has conducted a preliminary review of the state court action, and makes the following findings:

1. **The state court action lacks arguable merit.** In the state court complaint, Plaintiff seeks an award of five hundred million dollars in damages against a federal judge "in his individual and official capacity" for "discrimination," "conspiracy to commit fraud," and "civil rights violations" citing 42 U.S.C. §§ 1983 and 1985, 18 U.S.C. § 242, and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). As Plaintiff has recently been advised,[4] if performing

---

[3] Case 6:11-cv-00623-SDM-DAB, Doc. No. 23.

[4] *See Mark J. Cuyler v. The Hon. Mark E. Fuller, et al,* Case No. 6:11-cv-1789-31-KRS, Doc. No. 18.

a judicial act, judges have absolute immunity from suits for monetary damages. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray,* 386 U.S. 547 (1967); *Bradley v. Fisher*, 80 U.S. 335 (1871). In the state court complaint, Plaintiff alleges: "The actions complained of arises [sic] out of Lawsuits file[d] in the Federal Court," thus acknowledging that the basis of the suit is purely official judicial action. Accordingly, absolute judicial immunity bars the suit.

2. **Sanctions are warranted.** Pursuant to the terms of the Injunction and Modified Injunction, "[u]pon a finding that a complaint lacks arguable merit, the respective plaintiff shall be fined $500.00 per case and otherwise sanctioned as the Court deems appropriate." In addition to the fine imposed by the terms of the orders, the Court finds that Plaintiff's failure to comply with the pre-screening requirements of the Injunction and Modified Injunction, despite notice, warrants consideration of instituting criminal contempt proceedings.[5]

The undersigned therefore **respectfully recommends that:**

1. The state court action removed to this Court be **dismissed, with prejudice;**

---

[5]Tthe purpose of a civil contempt proceeding is to coerce compliance with a court order. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994). The sanction for such contempt—whether payment of a fine or imprisonment—is contingent upon the contemnor's compliance with the order. The contemnor has the power to purge himself of the contempt by doing what the Court has ordered him to do. By contrast, the purpose of criminal contempt is punitive, *i.e*., to vindicate the authority and dignity of the Court by punishing the wrongdoer for his contemptuous conduct. *Bagwell*, 512 U.S. at 828. "Such sanctions are imposed restrospectively for a completed act of disobedience, and the contemnor cannot purge the contempt or avoid or abbreviate the confinement [or fine] through later compliance." *Cassady v. Owens* , No. CV408-250, 2010 WL 6268440, 2 (S.D.Ga. Dec. 7, 2010) (internal citations omitted). A criminal contempt proceeding is an independent criminal action requiring the protections provided by the federal criminal rules, including: notice of the essential facts constituting the charged criminal contempt and of the criminal nature of the proceeding, the prosecution must be handled by a prosecutor appointed by the court for that purpose, and the alleged contemnor must be afforded the right to a jury trial, unless the court treats the contempt as a petty offense. *Id.*, citing Fed.R.Crim.P. 42; *Blum v. Illinois*, 391 U.S. 194, 199–200, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); 3A Federal Practice and Procedure §§ 708–711. As the conduct at issue here cannot be "purged," the Court can and should consider whether criminal contempt, including incarceration, is warranted.

2. Plaintiff be **fined** in the amount of $500, payable to the Clerk of Court within fourteen days of the date of any Order adopting this recommendation,[6] and the Order directing the payment of the fine should provide that failure to pay is punishable by civil contempt; and

3. Plaintiff be **ordered to appear** in person, at a hearing to be set before the District Judge, and shall **show cause** why further sanctions, including the institution of criminal contempt proceedings and incarceration, should not be imposed or pursued for Plaintiff's wilful failure to comply with the pre-screening requirements of the Court's Injunction and modified Injunction.[7] It is **further recommended** that any Order resulting from this Report be **personally served** upon Plaintiff by the United States Marshal Service.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 6, 2012.

*David A. Baker*

**DAVID A. BAKER**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[6] The Court interprets the Modified Injunction to provide for a self-executing imposition of the fine upon a finding, as here, that the complaint is without arguable merit.

[7] As noted, should the Court choose to vindicate its authority by punishing Cuyler with criminal contempt sanctions, he must be provided with all of the protections set forth in Fed.R.Crim.P. 42.

-5-