# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE:**
**MARK J. CUYLER,**
                    **Plaintiff**

                                                    **Case No. 6:11-MC-90-ORL-22DAB**

**-vs-**

**JUDGE STEVEN D. MERRYDAY,**
                    **Defendant**
_____/

# ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISQUALIFY JUDGE (Doc. No. 5)** |
| **FILED:** | **January 18, 2012** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff seeks disqualification of the undersigned pursuant to 28 U.S.C. §§ 144 and 455(a).

Section 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.   The controlling law in our circuit holds:

> Pursuant to 28 U.S.C. § 144, recusal of a district judge is required when a party "makes and files a timely and sufficient affidavit that the judge has a personal bias or prejudice either against him or in favor of an adverse party." 28 U.S.C. § 144. In other words, to warrant recusal under § 144, "the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir.2000). Moreover, "unsupported, conclusory, or tenuous allegations" are not sufficient to warrant disqualification. *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir.1988).

*Cintron v. United States*, 401 Fed.Appx. 495, 496 (11th Cir. 2010).[1]

> Section 445(a) provides:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 445.

The standard of review for a recusal motion "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir.1988).  Applying the above law here, Plaintiff has failed to file a properly supported affidavit.  Moreover, no fully informed, objective, and disinterested lay observer could entertain a significant doubt about the undersigned Judge's impartiality in the instant case.

The sole basis for the motion is Plaintiff's disagreement with the Court's report and recommendation on Defendant's motion requesting compliance with the Court's Order regarding pre-screening (Doc. Nos. 3, 4).  Adverse rulings alone, however, are not grounds for recusal. *See, e.g., Liteky v. United States*, 510 U.S. 540, 555 (1994) (adverse rulings are grounds for appeal, not recusal).  As the Eleventh Circuit has noted:

---

[1]As an unpublished opinion of the Eleventh Circuit, this case constitutes persuasive, and not binding, authority.  *See* 11th Cir. R. 36-2 and I.O.P. 6.

> The alleged bias 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.' Thus, a motion for disqualification may not ordinarily be based on the judge's rulings in the same case. An exception to the general rule that the bias must stem from an extrajudicial source exists where 'such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party.'

*United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985) (internal citations omitted).  Here, no showing of any bias stemming from any "extrajudicial" source has been shown, not is there any showing of personal bias, pervasive or otherwise.

 "[A] charge of partiality must be supported by facts." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (*per curiam*).  "A judge should not recuse himself based upon unsupported, irrational, or tenuous allegations." *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988) (*per curiam*), *cert. denied*, 489 U.S. 1030 (1989).  Here, it appears that Plaintiff does not accept the Court's basis for the report and recommendation, and therefore concludes, without any factual support, that the only explanation for such a ruling must be partiality towards the Defendant.  To the extent Plaintiff disagrees with the report, such is an appropriate basis for filing an objection, which Plaintiff has, in fact, filed (Doc. No. 6).  It is not a legitimate basis for filing a motion for recusal.

 "There is as much obligation upon a judge not to recuse himself when there is no occasion as there is to do so when there is."  *Blizard v. Fielding*, 454 F.Supp. 318, 323 (D. Mass.1978), *affirmed* 601 F.2d 1217 (1st Cir. 1979), *citing In Re Union Leader Corp*., 292 F.2d 381 (1st Cir. 1961).  The motion is therefore **denied.**

 **DONE** and **ORDERED** in Orlando, Florida on January 20, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

-3-

Copies furnished to:

Counsel of record
Unrepresented parties