
DROP BOX
FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| MARK J. CUYLER     Plaintiff | ) )  Civil Action No: |
| V. | )  6:11-MC-90-ORL-22DAB )  ) Jury Trial Demanded |
| JUDGE STEVEN D. MERRYDAY,    Defendants | ) ) ) |

### PLAINTIFF'S OBJECTION TO THE COURT'S ORDER DENYING MOTION TO DISQUALIFY, RENDERED ON JANUARY 20, 2012 AND PLAINTIFF'S SECOND MOTION TO DISQUALIFY AND AFFIDAVIT IN SUPPORT OF DISQUALIFICATION

Comes now, plaintiff in the above action, files this Second Motion to Disqualify Judge, **JUDGE David A. Baker**, pursuant to **28 U.S.C.§ 455 and 28 U.S.C. § 144**

In support of plaintiffs Second Motion to Disqualify, plaintiff states the following reasons below:

1.

That this court (**JUDGE; David A. Baker**) personal interest is grounds for disqualification. Judge David A. Baker must recuse himself from any further action in this case or any other case concerning plaintiff, now and in the future. **See exhibit-A Personal interest orders rendered by different judges of middle district of Florida Orlando Division.**

## 2.

That this court; **Judge David A. Baker** must disqualify himself for violating plaintiff's Due Process of law rights and obstructing justice by conspiring and becoming an advocate for defendant because defendant never file a motion to dismiss in the Federal Court, in the above reference action, nor did defendant inform plaintiff of removal of this case from State Court, as required by law, but the court; **judge David A. Baker** rendered a **Report and Recommendation**. Which is a criminal act under the law. **See law below.**

**Under title 18 U.S.C. sec. 1001, makes it a crime to: 1) knowingly and willfully; 2) make any materially false, fictitious or fraudulent statement or representation; 3) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; 4) in any matter within the jurisdiction of the executive, legislative or judicial branch of the United States.**

**Under title 18 U.S.C. sec. 1505,** Whoever corruptly... influences, obstructs, or impedes or endeavors to influence, obstruct, or impede to due, the proper administration of the law under which any pending proceeding is being had before any department or agency of the United States... shall be fined not more than $5,000. or imprisoned not more than five years, or both.

Under Federal law which is applicable to all States, the U.S. Supreme Court stated that if a court is *"without authority, its judgments and orders are regarded as nullities. They are **not voidable**, but **simply void**; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law **as trespassers.**"*
Elliot V. Piersol, 1 Pet. 328, 340, 26 U.S. 328, (1928)

The U.S. Supreme Court, in Scheuer V. Rhodes, 416 U.S. 232, 94, S.Ct. 1683, 1687 (1974), stated that *"When a state officer acts under a state law in a manner violative of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power impart to him any immunity from responsibility to the supreme authority of the United States."*

## ARGUMENT OF LAW ON DISQUALIFICATION

According to Congress, U.S. Supreme Court case law and canons of judicial ethics, a judge must bow out of hearing any case in which his or her impartiality might reasonably be questioned. See **Marshall v. Jerrico**., 446 US 238, 242, 100 S. Ct. 1610, 64 L. Ed. 2d 182 (1980).

"The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law." The above is applicable to this court by application of Article VI of the United States Constitution and **Stone v. Powell**, 428 US 465, 483 n. 35, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976).

The United States Constitution guarantees an unbiased Judge who will always provide litigants with full protection of ALL RIGHTS. Therefore, Plaintiff respectfully demands said judge recuse herself in light of the evidence. It is a definite conflict of interest to stay on a case, where the court has demonstrated a personal bias against plaintiffs'. This could be considered a Deprivation of Rights (Due Process) against a *Pro Se litigant. See 28 U.S.C.* § 1654

There are two statutes which govern recusal of Federal District Judges on the grounds of bias, prejudice, or lack of impartiality. 28 U.S.C. § 455 and 28 U.S.C. § 144,

Section 144 provides, in pertinent part:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the Judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such Judge shall proceed no further therein, but another Judge shall be assigned to hear such proceeding.

And Section **455** Provides, in pertinent part:

(a) Any justice, **district Judge**, or magistrate of the United States shall **Disqualify** himself in any proceeding in which his impartiality might reasonably be questioned.

(b) She/he shall also **disqualify** himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or knowledge of disputed evidentiary facts concerning the proceeding...... **Facts are in the court records.**

See <u>Cordova Gonzalez v. United States, 987 F. Supp. 87, 89 (1997).</u> Also, Under either section 144 or section 455 (b) (1) the alleged bias or prejudice must be personal as distinguished from judicial in nature. **In re Cooper**, 821 F. 2d 833 (1st Cir. 1987); <u>United States v. Kelly</u>, 712 F. 2nd 884, 889-90 (1st Cir. 1983). Finally, "A judge is as much obligated not to recuse himself when it is not called for as he is obligated to when it is." **In re Drexel Burnham Lambert Inc.**, 861 F. 2nd 1307, 1312 (2nd Cir. 1988).

Therefore, based on bias and prejudice and personal interest, (**JUDGE David A. Baker**) must disqualify himself.

## MEMORANDUM OF LAW

The Court will violate Due Process if the court (**Judge David A. Baker**) continue to preside over this case and allow defendants to ignore the rules and laws and conspire to deceive plaintiff of equal rights to the court. **"A judge is disqualified and shall recuse himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned."). The test is whether a person of ordinary prudence, placed in the judge's position and knowing all the facts, would find a reasonable basis for questioning the judge's impartiality.** *1990 Code Judicial misconduct, Annotation to 3E.* **If so, the judge should disqualify himself/herself.** A judge should disclose to the parties any facts known to the judge that could lead a reasonable person to believe the judge cannot preside with impartiality, even if the judge believes he/she can be objective. "**A judge who is or may be disqualified must disclose** the interest or the relationship to the

parties. **It is not the duty of the parties to search out disqualifying facts about you**; it is your obligation as the judge to disclose all facts that might be grounds for disqualification.

According to **Canon 3C, Disqualification and Recusal** of a judge is governed by canon 3C of the Code of Judicial Conduct, which state that a judge should recuse upon motion of a party or on the judge's own initiative. **"A Judge's failure to recuse may deny a party's Constitutional right to Due Process"**. "It is axiomatic that a fair trial in a fair tribunal is a basic requirement of Due Process" <u>**Caperton V. A.T. Massey Coal Co.**</u>, NO 08-22, slip OP. at 6 (U.S. June 8, 2009). "Obviously it was not proper for this trial judge to find fact, so as to rule on his/her own Disqualification to preside when the record contained no evidence to support his/her findings," <u>**Ponder V. Davis**</u>, 233 N.C. 699, 65 S.E.2d 356 (1951).

**A Judge's failure to comply with statutory requirements raises ethical issues because it indicates the judge is not performing judicial duties properly.**

**The law requires the automatic disqualification of a judge under certain circumstances.**

In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." [Emphasis added] **Liteky V. U.S., 114 S. Ct. 1147, 1162 (1994).**

Courts have repeatedly held that positive proof of the partiality of a judge

is not a requirement, only the appearance of partiality. **Liljeberg V. Health Services Acquisition Corp., 486 U.S. 847, 108 S. Ct. 2194 (1988)** (what matters is not the reality of bias or prejudice but its appearance); **United States V. Balistriei, 779 F. 2d 1191 (7th Cir. 1985)** (Section 455(a) "is directed against the appearance of partiality, whether or not the judge is actually biased.) (Section 455 (a) of the Judicial Code **28 U.S.C.§ 455 (a),** is not intended to protect litigants from actual bias in the judge, but rather to promote public confidence in the impartiality of the judicial process.).

That the Court also stated that Section 455(a) "requires a judge to recuse himself in any proceeding in which his/her impartiality might reasonably be questioned." **Taylor V. O'Grady, 888 F. 2d 1189 (7th Cir. 1989)**. In **Pfizer Inc. V. Lord, 456 F. 2d 532 (8th Cir. 1972)**, the court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice."

The Supreme Court has ruled and has reaffirmed the principle that "justice must satisfy the appearance of justice", **Levine V. United States, 362 U.S. 610, 80 S. Ct. 1038 (1960)**, citing **Offutt V. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954)**. A judge receiving a bribe from an interested party over which he is presiding, does not give the appearance of justice.

"Recusal under Section 455 is self-excuting; a party need not file affidavits in support of recusal and the judge is obligated to recuse *sua sponte* under the stated circumstances." **Taylor V. O'Grady,**

**Judges do not have discretion not to disqualify themselves. By law,**

**they are bound to follow the law. Should a judge not disqualify himself as required by law, then the judge has given another example of his appearance of partiality"** which, possibly, futher disqualifies the judge. Should another judge not accept the disqualification of the judge, then the second judge has evidenced an "appearance of partiality" and has possibly disqualified himself/herself. None of the orders issued by any judge who has been disqualified by law would appear to be valid. It would appear that they are void as a matter of law, and are of no legal force or effect.

*Should a judge not disqualify himself, then the judge is in violation of the Due Process Clause of the U.S. Constitution.* United States V. Sciuto, 521 F. 2d 842, 845 (7th Cir. 1996) (The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause.").

**Should a judge issue any order after he has been disqualified by law**, and if the party has been denied of any of his/her property, then the judge may have been engaged in a Federal Crime of "interference with interstate commerce." The judge has acted in the judge's personal capacity and not in the judge's judicial capacity. **It has been said that this judge, acting in this manner, has no more lawful authority than someone's next-door neighbor (provided that he is not a judge).**

If you were/are a non-represented litigant, and should the court not follow the law as to non-represented litigants, then the judge has expressed an "appearance of partiality" and under the law, it would seem that he/she has disqualified him/herself.

However, since not all judges keep up to date in the law, it is possible that a judge may not know the ruling of the **U.S. Supreme Court** and the other courts on this subject. Notice that it states "disqualification is required" **The Supreme Court has also held that if a judge wars against the Constitution, or if he acts without jurisdiction, he has engaged in treason to the Constitution. If a judge acts after he has been automatically disqualified by law**, then he is acting without jurisdiction, and that suggest that he is engaging in criminal acts of treason, and may be engaged in extortion.

**Courts have repeatedly ruled that judges have no immunity for their criminal acts**. Since both treason and extortion are criminal acts, no judge has immunity to engage in such Acts.

Therefore, based on the above paragraphs and laws cited above, plaintiff moves the court to recuse himself, so not to further violate plaintiffs Due Process of Law rights.

Respectfully submitted this 24th day of January, 2012.

Respectfully

Mark J. Cuyler

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK J. CUYLER
        Plaintiff

V.

JUDGE STEVEN D. MERRYDAY,

        Defendants
_____/

Civil Action No:
    6:11-MC-90-ORL-22DAB

Jury Trial Demanded

## CERTIFICATE OF SERVICE

    I, do hereby certify that a copy of this **PLAINTIFF'S OBJECTION TO THE COURT'S ORDER DENYING MOTION TO DISQUALIFY, RENDERED ON JANUARY 20, 2012 AND PLAINTIFF'S SECOND MOTION TO DISQUALIFY AND AFFIDAVIT IN SUPPORT OF DISQUALIFICATION** by depositing same in the United States Mail envelopes with sufficient postage affixed thereon to insure delivery addressed as follows: Respectfully submitted this 24th day of January, 2012.

Mr. Eric Holder, United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

United States Attorney
    400 N. Tampa Street
    Suite 3200
    Tampa FL 33602

JUDGE Steven D. Merryday.

U. S. Court, 401 West Central Blvd

 Suite 1200

Orlando FL 32801

1421 Caring CT Maitland, FL 32751

Respectfully
Mark J. Cuyler

# EXHIBIT-A

Case 6:11-mc-00090-ACC-DAB Document 12 Filed 01/30/12 Page 11 of 20 PageID 157
Case 6:11-mc-00090-ACC-DAB Document 8-1 Filed 01/24/12 Page 2 of 11 PageID 125
Case 6:11-cv-00001-PCF-KRS Document 5 Filed 01/10/11 Page 1 of 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK J. CUYLER,

    Plaintiff,

vs.                                      CASE NO. 6:11-CV-1-ORL-19KRS

WACHOVIA BANK, N.A.; OF
WELLS FARGO BANK, N.A.,
STATE FARM INSURANCE COMPANY,

    Defendants.
_____

## ORDER

I hereby **RECUSE** myself from further proceedings in this case due to a financial interest in one of the parties to this case. I direct that the Clerk of Court reassign it to another judge under the blind assignment system.

**DONE AND ORDERED** at Orlando, Florida, this ___10th___ day of January, 2011.

*Patricia C. Fawsett*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

New case #
6:11-CV-1-28KRS

Case 6:11-mc-00090-ACC-DAB Document 12 Filed 01/30/12 Page 12 of 20 PageID 158
Case 6:11-mc-00090-ACC Document 8-1 Filed 01/24/12 Page 3 of 11 PageID 126
Case 6:11-cv-00087-KRS Document 9 Filed 02/11/11 Page 1 of 1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARK CUYLER, TERESA A. MITCHELL,

    Plaintiffs,

v.                              Case No. 6:11-cv-87-Orl-28KRS

MARY A. SCRIVEN, JUDGE, STATE OF FLORIDA,

    Defendants.

---

**ORDER OF RECUSAL**

Pursuant to 28 U.S.C. § 455(a) and in the interest of justice, I hereby recuse myself from this matter and request that this case be reassigned. Defendant Mary Scriven is a colleague and works with me in the Orlando Division of the Middle District of Florida. Judge Scriven and I have an ongoing professional and social relationship and my name appears on Plaintiffs' Certificate of Interested Persons (Doc. 7). My relationship with Judge Scriven could cause a reasonable person to question my impartiality.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 11th day of February, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Division Manager

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK CUYLER, TERESA A. MITCHELL,

    Plaintiffs,

-vs-                                  Case No. 6:11-cv-87-Orl-KRS

MARY A. SCRIVEN, JUDGE, STATE OF FLORIDA,

    Defendants.

## ORDER OF RECUSAL

Upon the Court's own motion, based upon the Court's review of the file in this case, the undersigned Judge determines the interests of justice would be served by recusal from this case. A Defendant in this case is a United States District Judge assigned to the division of the Court in which the undersigned is a United States Magistrate Judge. As such, an appearance of impartiality may arise if I serve as the assigned Magistrate Judge in this case.

**DONE** and **ORDERED** in Orlando, Florida on February 15, 2011.

                                                    *Karla R. Spaulding*
                                                    KARLA R. SPAULDING
                                            UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARK J. CUYLER,

        Plaintiff,

-vs-                                 Case No. 6:11-cv-1-Orl-28KRS

WACHOVIA BANK, N.A.; OF WELLS
FARGO BANK, N.A. and STATE FARM
INSURANCE COMPANY,

        Defendants.

### ORDER OF RECUSAL

I hereby **RECUSE** myself from further proceedings in this case due to a recently acquired financial interest in one of the parties. The Clerk of Court is directed to reassign this case to another magistrate judge.

**DONE** and **ORDERED** in Orlando, Florida on March 23, 2011.

                                                    *Karla R. Spaulding*
                                                KARLA R. SPAULDING
                                     UNITED STATES MAGISTRATE JUDGE

Case 6:11-cv-00237-JA-GJK   Document 24   Filed 03/29/11   Page 1 of 1 PageID 124

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARK J. CUYLER,

    Plaintiff,

-vs-                        Case No. 6:11-cv-237-Orl-28KRS

JOHN A. MORAN, ANN SUTTON, KEVIN L.
SCHWARTZ, LAW FIRM OF EDMOND L.
SUGAR, P.A. and STATE OF FLORIDA,

    Defendants.

**ORDER OF TRANSFER**

It is hereby **ORDERED** that this case be transferred to the Honorable Gregory J. Kelly, with his permission, as the presiding Magistrate Judge.

**DONE** and **ORDERED** in Orlando, Florida on March 29, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARK CUYLER and TERESA A.
MITCHELL CUYLER,

    Plaintiffs,

-vs-                         Case No. 6:11-cv-429-Orl-31KRS

JUDGE MARK E. FULLER, JUDGE
MARY S. SCRIVEN, JUDGE ANNE C.
CONWAY and UNITED STATES OF THE
STATE OF FLORIDA (SIC),

    Defendants.

**ORDER**

It is hereby **ORDERED** that this case be transferred to the Honorable Gregory J. Kelly, with his permission, as the presiding Magistrate Judge.

**DONE** and **ORDERED** in Orlando, Florida on March 31, 2011.

                                            *Karla R. Spaulding*
                                           KARLA R. SPAULDING
                                UNITED STATES MAGISTRATE JUDGE

Case 6:11-cv-00237-JA-KRS Document 8 Filed 02/23/11 Page 1 of 1 PageID 38

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARK J. CUYLER,

        Plaintiff,

-vs-                                      Case No. 6:11-cv-237-Orl-35DAB

JOHN A. MORAN, ANN SUTTON, KEVIN L.
SCHWARTZ, LAW FIRM OF EDMOND L.
SUGAR, P.A. and STATE OF FLORIDA,

        Defendants.

## ORDER TO TRANSFER CASE

This cause comes before the Court on its review of the file. The Complaint indicates that the case involves common question of law or fact with Case No. 6:11-cv-1-Orl-28KRS. It is **ORDERED** that the Magistrate Judge Assignment in these cases is hereby **TRANSFERRED** to the Honorable Karla R. Spaulding pursuant to Local Rule 1.04(b), with her permission, to be considered with Case No. 6:11-cv-237-Orl-28KRS.

**DONE** and **ORDERED** in Orlando, Florida on February 23, 2011.

                                                *David A. Baker*
                                                DAVID A. BAKER
                                                UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

Case 6:11-cv-00001-JA-DAB   Document 32   Filed 03/28/11   Page 1 of 1 PageID 414

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARK J. CUYLER,

        Plaintiff,

-vs-                                        Case No. 6:11-cv-1-Orl-28DAB

WACHOVIA BANK, N.A.; OF WELLS
FARGO BANK, N.A. and STATE FARM
INSURANCE COMPANY,

        Defendants.

## ORDER

This cause comes before the Court on its review of the file. The Complaint indicates that it involves common questions of law or fact with Case No. 6:10-cv-1646-Orl-35GJK. It is **ORDERED** that the Magistrate Judge Assignment in this case is hereby **TRANSFERRED** to the Honorable Greg J. Kelly pursuant to Local Rule 1.04(b), with his permission, to be considered with Case No. 6:10-cv-1646-Orl-35GJK.

**DONE** and **ORDERED** in Orlando, Florida on March 28, 2011.

                                                    *David A. Baker*
                                                    DAVID A. BAKER
                                    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARK CUYLER and TERESA A. MITCHELL,

    Plaintiffs,

-vs-                                  Case No. 6:11-cv-1006-Orl-35DAB

AURORA LOAN SERVICES, LLC;
JUDGE THOMAS R. KIRKLAND and
LAW FIRM MARSHALL C. WATSON,
PA,

    Defendants.

## ORDER

It is hereby ORDERED that the magistrate assignment in this case is transferred to the Hon. Gregory J. Kelly, with his consent, to be considered along with the related case of *Mark Cuyler and Teresa A. Mitchell v. Aurora Loan Services, LLC,*, Case No. 6:10-cv-1646-35GJK.

**DONE and ORDERED** in Chambers, Orlando, Florida on July 13, 2011.

                                          *David A. Baker*
                                          DAVID A. BAKER
                                          UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

Case 6:11-cv-01006-ACC-DAB  Document 6  Filed 06/28/11  Page 1 of 1 PageID 25

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARK CUYLER and TERESA A. MITCHELL,

        Plaintiffs,

-vs-                              Case No. 6:11-cv-1006-Orl-22DAB

AURORA LOAN SERVICES, LLC;
JUDGE THOMAS R. KIRKLAND and
LAW FIRM MARSHALL C. WATSON,
PA,

        Defendants.

## ORDER OF TRANSFER

It is hereby ORDERED that this case is transferred to the Honorable Mary S. Scriven, with her consent, to be considered with *Mark Cuyler and Teresa A. Mitchell v. Aurora Loan Services, LLC*, Case No. 6:10-cv-1646-Orl-35GJK.

DONE and ORDERED in Chambers, in Orlando, Florida on June 28, 2011.

                                                    ANNE C. CONWAY
                                                    United States District Judge

Copies furnished to:

Counsel of Record

Unrepresented Party