```
 1                  UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
 2                         ORLANDO DIVISION

 3                     Docket No. 6:11-mc-90

 4   . . . . . . . . . . . . . . .
     MARK CUYLER                  :
 5                                :         Orlando, Florida
            Plaintiff             :         February 22,2012
 6                                :         9:00 a.m.
                 v.               :
 7                                :
     STEVEN D. MERRYDAY           :
 8                                :
            Defendant             :
 9   . . . . . . . . . . . . . . .

10

11            TRANSCRIPT OF SHOW CAUSE HEARING
            BEFORE THE HONORABLE ANNE C. CONWAY
12                UNITED STATES DISTRICT JUDGE

13

14   APPEARANCES:

15

16   For the Plaintiff:   Mark Cuyler (Pro se)

17

18   For the Defendant:   Sean Flynn

19

20
     Court Reporter:      Sandra K. Tremel, RMR/CRR
21                        407-245-3110

22

23

24   Proceedings recorded by mechanical stenography, transcript

25   produced by computer-aided transcription.
```

```
 1                    P R O C E E D I N G S
 2             THE COURT:  Case number 2011-mc-90.  In re: Mark
 3  J. Cuyler.
 4        Good morning, Mr. Cuyler.
 5             MR. CUYLER:  Good morning, Judge.
 6             THE COURT:  We're here because you have violated
 7  the injunction that I have entered and Judge Merryday has
 8  entered in the cases relating to your continuing to file
 9  suit against judges who have anything to do with any of your
10  cases.
11             MR. CUYLER:  Yes, sir -- yes, ma'am.
12             THE COURT:  I'm -- so my first question is whether
13  you intend to continue violating that injunction.
14             MR. CUYLER:  Well, Your Honor, if you allow me I'd
15  like to make a couple of statements.
16             THE COURT:  Go ahead.
17             MR. CUYLER:  As a society, Americans have found --
18  are fond of their rights.  We're very protective of our
19  liberties.  We all are.  Everyone here in this room, even
20  when they might bring harm rather than good which it seems
21  like I'm sitting in that situation where it seem like it's
22  bringing harm to me because all I have done is exercise my
23  Constitutional rights.
24        And though the world is full of disorder, confusion and
25  uncertainty, believers in Christ have the wonderful
```

```
 1  assurance that God is in absolute control of all situations.
 2       With all due respect, the law states that you do not
 3  have jurisdiction to hear this case, but you've ordered me
 4  to be here today to show cause as to why I shouldn't be
 5  sanctioned.  And my first reply to that, if I may continue
 6  unless someone else has something to say, is that the law
 7  states that I should not be sanctioned for exercising my
 8  Constitutional rights.  And I understand that you've
 9  rendered a prescreening order.  This prescreening order that
10  was rendered by you was forwarded to this case back in
11  August of 2011.  I was unaware that this case was created.
12  I answered your prescreening order and objected to it in
13  611-CM--I sorry --  CV623.  Had I known that this case was
14  created some seven months prior to me even having knowledge,
15  I would have forwarded that objection to that case.
16       So I've seen several orders that state that I did not
17  reply to prescreening.  I objected to it and an objection
18  sits open in that other case as we speak today.  That
19  objection still stands.
20       And the United States Supreme Court in Shear vs. Coven
21  said in 1973, there can be no sanction or penalty imposed
22  upon one because of his -- because he exercises his
23  Constitutional rights.  And all the complaints that I have
24  filed, my right to due property has been violated.
25       This started out as a very simply fraud case against a
```

1  mortgage company, and in my opinion, rather than me sitting
2  here today explaining why I should not be sanctioned, I
3  believe with all due respect that Judge Scriven who
4  initially ignored my complaint which clearly states that I
5  wanted a jury trial in the case, and not only that, she, in
6  my opinion, disregarded the local rules, your own local
7  rules of this Court and the federal rules that's been laid
8  out by the U.S. Constitution to be a roadmap for how cases
9  should be handled, wherein she first of all ignored my
10 request for a jury trial.
11        Secondly, she took over the case from the magistrate
12 judge not waiting for a recommendation by the magistrate
13 judge as you did in this case.
14        And there's quite a few other items that I can go on,
15 but they're listed in my objections.  So I really --
16              THE COURT:  Well, Mr. Cuyler, let's get to the
17 heart of this.  Yes, you have Constitutional rights, but
18 with our Constitutional rights come responsibilities.  One
19 of those responsibilities is to follow Court orders.
20        Now, if you didn't like what Judge Scriven did, you had
21 the option to follow the rules and to file an appeal and to
22 let the 11th Circuit decide whether or not Judge Scriven was
23 outside the bounds of what she should have done.
24        You would be much better off hiring a lawyer to help
25 you with these cases than wasting your money on filing fees

```
 1  by suing every lawyer that -- every judge that ever gets
 2  anywhere near your case.  The way to object to Judge
 3  Scriven's order or procedures is not to sue her and then to
 4  sue every other judge that comes in contact with any of your
 5  cases.  That's not getting to the heart of your original
 6  case.  That's getting you enjoined from filing any more
 7  lawsuits against judges.  No one has said you can't file a
 8  lawsuit.  It just has to be prescreened to see that you have
 9  a colorable claim -- not that you're going to win the case,
10  but that you have a colorable claim -- and then you will be
11  permitted to proceed with your case.
12            MR. CUYLER:  Okay, Your Honor.  I understand that,
13  Your Honor.  But to say that, that would be prescreened, the
14  initial case that I brought here in front of Judge Scriven
15  was a case that had been dismissed in the state court for
16  fraud two times, and even Judge Scriven herself acknowledged
17  that there was grounds for fraud.  But yet, as we sit today,
18  this case has been dismissed.  And it's been dismissed, Your
19  Honor.
20       I know you say I can appeal to the 11th Circuit.
21            THE COURT:  Well, I didn't -- you could have at
22  some point.  I'm not sure you still can.  You may have lost
23  your right to do that.
24            MR. CUYLER:  Well, a final order has not been
25  rendered in that case.  There's an open pleading sitting in
```

```
 1  that case as we speak today.
 2          THE COURT:  All right.  Well, then --
 3          MR. CUYLER:  So once a final order is rendered in
 4  that case -- and any of my cases that I have here, if a
 5  final order is rendered, I have absolutely no problem in
 6  appealing and going to the 11th Circuit Court of Appeals.
 7  But if you look at most of my cases, you will find that
 8  there's not a final order.
 9          THE COURT:  How do you expect to get a final order
10  when you sue every judge that could enter any kind of order
11  in your case?
12          MR. CUYLER:  Well, it's due process, Your Honor.
13          THE COURT:  You do not have a right to sue every
14  judge that -- there's immunities, there's absolute immunity,
15  there's qualified immunities.  That's all within the law.
16  Your Constitutional rights are bound by the law.
17          MR. CUYLER:  Yes, ma'am.  But --
18          THE COURT:  All right.  We can argue about this
19  all day.  I don't want to sanction you, Mr. Cuyler.
20          MR. CUYLER:  Excuse me?
21          THE COURT:  I do not want to sanction you.
22          MR. CUYLER:  And I know --
23          THE COURT:  What I need is your assurance that
24  you're not going to violate the injunction again.  That if
25  you have a case you want to bring in federal court or
```

```
 1  against -- against a judge, that you go through the
 2  prescreening process.  And if you don't like the result from
 3  that prescreening process, then you take it to the 11th
 4  Circuit.  But you have to let the process go through and you
 5  have to follow the rules.
 6           MR. CUYLER:  Yes, ma'am.  And I will not file
 7  another case against a judge provided due process has taken
 8  place.  But --
 9           THE COURT:  All right.  Well, your due process at
10  this point is the prescreening.  And as long as we're clear
11  on that, I'm not going to sanction you.  But if you violate
12  that injunction again, I will have a criminal contempt
13  proceeding instituted against you that could result in you
14  going to jail.  I do not want to do that.
15           MR. CUYLER:  Yes, ma'am.
16           THE COURT:  All I want you to do is to go through
17  the prescreening process and just look at the order.  You
18  were served on the order that directed the clerk to open the
19  miscellaneous case.  You now know that case number 11MC90 is
20  the case in which your prescreening process will be handled.
21           MR. CUYLER:  Even with that, Your Honor, there's
22  no complaint.  I know the order explains it, but there's no
23  complaint.
24           THE COURT:  We don't have to have a complaint in a
25  miscellaneous case.
```

```
 1              MR. CUYLER:  Okay.  You don't have to have a
 2   complaint?
 3              THE COURT:  No.
 4              MR. CUYLER:  So Federal Rule of Civil Procedure
 5   Rule 3 clearly states that a commencement of a case must
 6   be -- a complaint must be filed.
 7              THE COURT:  That's a different kind of case.  It's
 8   not a case instituted by the Court itself.
 9              MR. CUYLER:  Okay.  And I respect everything
10   you're saying.
11       When it comes to the prescreening order that was
12   originated in my case, the 623 case, is it possible for me
13   to get a final order in that so I can appeal that because
14   for me to follow your prescreening order without having due
15   process again, I'm entitled to appeal that prescreening
16   order to the 11th Circuit Court of Appeals also.
17              THE COURT:  Is that case still assigned to me?
18              THE LAW CLERK:  That's Judge Merryday's.  It shows
19   it's closed.  That's the docket sheet.
20              MR. CUYLER:  If I might continue, Your Honor.
21              THE COURT:  Let me see, just trying to see if that
22   case is still open, whether a final order was entered in
23   that case.  I don't see an order... case was closed July 8,
24   2011.  Why don't you file a -- I will give you permission to
25   file a motion for final order.  I'm not sure that there's --
```

```
 1  that that July order that I entered July 8, which is number
 2  docket number 9.
 3          MR. CUYLER:  Motion for final order.
 4          THE COURT:  Right.  I don't know how the court of
 5  appeals will treat that.
 6          MR. CUYLER:  Can I do that in all my cases?
 7  Because in almost all of them the clerk has been directed to
 8  close the case and terminate any pending litigation.
 9          THE COURT:  Well, I'm not sure that that's not a
10  final order without researching it, but I will give you
11  permission to file only a motion requesting an order for
12  final judgment.
13          MR. CUYLER:  In all my cases?
14          THE COURT:  In all your federal cases.
15          MR. CUYLER:  I appreciate it.
16          THE COURT:  That order will be docketed in the
17  miscellaneous file.  When you get a copy of it, you should
18  attach the copy of that order to your motion so that anybody
19  who reads your motion will see that you have been given
20  permission to do that.
21          MR. CUYLER:  Okay.
22          THE COURT:  All right.  Now, I can't promise you
23  that the 11th Circuit will consider it a final order.
24          MR. CUYLER:  Okay.
25          THE COURT:  They might say that these previous
```

```
 1  orders are final orders.  I just can't tell you that, how
 2  they would treat it.  But to the extent that we can
 3  accommodate that issue --
 4           MR. CUYLER:  From my past history, it's not like I
 5  just started doing this -- I have been doing this for quite
 6  some time -- if you go to a appeals court, almost any
 7  appeals court and the order itself does not say final order
 8  and even sometimes it says final order, you have to file a
 9  motion for reconsideration if you have some questions to
10  make sure that the appeals court, the next court will not
11  accept it if it does not say final order.  If it just says
12  order, then you can file it, but the 11th Circuit or other
13  appeal courts, even in the state, can send it back to you,
14  and it has happened to me many times saying that it is not a
15  final order.  And what ends up happening is I pay that fee
16  where it just says order, and then they send it back to me
17  and then if I want to refile, I have to go back to the lower
18  court to get to it say final order and then pay another fee.
19           THE COURT:  Well, you might want to go see a
20  lawyer.  If you can't afford to pay for one the Orange
21  County Bar has a referral service for -- before you start
22  spending money on appeals.  I don't know whether they would
23  make you pay a separate filing fee in each case or not.  I
24  don't -- I don't handle --
25           MR. CUYLER:  They'll be a filing fee in each case.
```

1           THE COURT:  Well, that's not cheap.  So you might
2  want to have somebody advise you as to whether you're
3  wasting your money.
4      But in the meantime, I expect that you will follow that
5  injunction unless the 11th Circuit vacates the injunction
6  against you.
7      We're not saying you can't file suits.  We're just
8  saying it has to be prescreened.
9           MR. CUYLER:  But that's -- and with all respect,
10 and I appreciate what you're doing, but that alone is a
11 violation of my Constitutional rights because --
12          THE COURT:  Well, that's something you need to
13 take up with the 11th Circuit.  If I was wrong in entering
14 the order requiring that you be -- that your complaints be
15 prescreened, then the 11th Circuit will tell me that.  And I
16 would assume that you could -- that that's a continuing
17 issue that you could -- you should be able to appeal that
18 because that applies to any case you would file in the
19 future.
20          MR. CUYLER:  Yes, ma'am.
21      But in the process, I'm being punished, my rights to
22 due process is being violated because the order has already
23 been put in effect and it should have gone to the 11th
24 Circuit Court of Appeals prior to being put in effect
25 instead of me having to go to clerk's office and they're

```
 1  saying, well, I'll mail it back to you if we're going to
 2  file it.
 3           THE COURT:  Well, Mr. Cuyler, you're welcome to
 4  take that up with the 11th Circuit.  I can't --
 5           MR. CUYLER:  I appreciate you're allowing me to do
 6  that.  I will file that motion for final order.
 7           THE COURT:  All right.  Well, I'll have the order
 8  out in this case today, so --
 9           MR. CUYLER:  All right.
10           THE COURT:  You should wait until you get a copy
11  of it.
12           MR. CUYLER:  Yes, ma'am.
13           THE COURT:  All right.  And I'm serious about you
14  filing the injunction -- following the injunction until the
15  11th Circuit says otherwise.
16           MR. CUYLER:  I don't think there's any other
17  judges left other than the one very judge who did the right
18  thing, in my opinion, which was Patricia Fawsett and
19  Mr. David Baker.  I know not why he decided to enter these
20  cases because most of the judges here have recused
21  themselves and either come back into the case or whatever,
22  but --
23           THE COURT:  Well, Judge Baker is handling the
24  prescreening because he's our senior magistrate and that's
25  what the order requires.  That's why he's in it.
```

```
 1          MR. CUYLER:  I understand that.
 2          THE COURT:  All right.
 3                (end at 9:28 a.m.)
 4
 5              C E R T I F I C A T E
 6        I certify that the foregoing is a correct
 7 transcript from the record of proceedings in the
 8 above-entitled matter.
 9
10 s\Sandra K. Tremel          February 27, 2013
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```