UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARK CUYLER and TERESA A. MITCHELL,**

        **Plaintiffs,**

v.                                              Case No:   6:14-cv-1095-Orl-22GJK

**AURORA LOAN SERVICES LLC,
NATIONSTAR MORTGAGE LLC,
LAW FIRM OF BROAD AND CASSEL
P.A. and TARA S. PELLEGRINO,**

        **Defendants.**

## ORDER AND PERMANENT INJUNCTION

### I.   INTRODUCTION

This case represents the latest skirmish in the litigation war Plaintiffs Mark Cuyler and Teresa A. Mitchell have waged against Defendants Aurora Loan Services LLC ("Aurora") and Nationstar Mortgage LLC ("Nationstar"), the creditors who foreclosed on Plaintiffs' home mortgage. This is the fourth time Plaintiffs have sued Aurora regarding foreclosure of their home; they have sued Nationstar twice. Plaintiffs have also included as defendants herein the attorneys who represent Aurora and Nationstar in the state mortgage foreclosure proceedings.

The Defendants move to dismiss the Plaintiffs' claims on res judicata grounds.[1] Additionally, the Defendants seek a permanent injunction preventing the Plaintiffs from engaging in further vexatious litigation directed at the Defendants in any non-federal legal fora. By separate order entered in another of this Court's cases, Plaintiffs are already permanently enjoined

---

[1] The Defendants raise additional grounds for dismissal. Given the Court's res judicata ruling, it is unnecessary to consider those other arguments.

from filing a lawsuit in any federal court without first obtaining permission from that federal court.[2]  (Doc. No. 20, at p. 3, in 11-623.)[3]  This case is not covered by that injunction because it was filed in state court, then removed to this Court.  For the reasons that follow, the Court will grant the motions to dismiss and will permanently enjoin the Plaintiffs from filing any more lawsuits in non-federal fora against these Defendants in connection with the state mortgage foreclosure proceedings.

## II.  BACKGROUND

To fully understand why such an extraordinary injunction is imperative, some history of the Plaintiffs' vexatious litigation practices is necessary. As in most matters, context is important. Plaintiffs' scorched-earth litigation tactics are the backdrop against which the present motions for permanent injunction must be considered.

After receiving adverse rulings in the first lawsuit they filed against Aurora, the Plaintiffs embarked on a vexatious litigation campaign that involved filing multiple baseless recusal motions and a host of frivolous lawsuits against the federal judges unfortunate enough to be assigned Plaintiffs' cases.  Ultimately, it became necessary for this Court to enter a litigation pre-screening order that required all lawsuits Plaintiffs sought to file in this Court's Orlando Division to be screened for frivolity by a magistrate judge.  (Doc. No. 11 in 11-623.)  That prompted Plaintiff Cuyler to circumvent the pre-screening order by suing seven federal judges in state court.  As a result, it became necessary to expand the pre-screening order to enjoin Plaintiffs from suing

---

[2] Plaintiffs are also permanently enjoined from suing any federal judge or judicial employee in any non-federal forum without first obtaining this Court's permission.  (Doc. No. 20, at p. 4, in 11-623.)

[3] Documents filed in Middle District cases preceding the instant lawsuit will be cited herein as "Doc. No. __" followed by a shorthand version of the case number of the earlier case, e.g. "11-623."  Documents from the instant case will be cited by the document number alone, i.e., they will not be followed by a case number.

federal judges and judicial employees in non-federal fora without first obtaining leave from this Court.  (Doc. No 20 in 11-623.)  Additionally, because an injunction limited to the Orlando Division was deemed insufficient to curb further litigation abuses, Plaintiffs were permanently enjoined from filing suit in any federal court or other federal legal forum without first obtaining leave of that court or forum. (*Id*.)

The Court of Appeals for the Eleventh Circuit has seen fit to enter its own pre-screening order.  (Doc. No. 43 in 10-1646.)   On December 3, 2012, in the course of addressing nine appeals filed by Plaintiffs, the appellate court concluded that Plaintiffs had engaged in abusive and vexatious litigation in the district court and the appellate court by repeatedly filing frivolous lawsuits and appeals.  (*Id*.)  Accordingly, the Eleventh Circuit determined that it must impose certain conditions and restrictions to protect its jurisdiction against further such improper tactics.  (*Id*.)  Primarily, the Eleventh Circuit ruled that any new pro se notice of appeal, petition for review, or petition for an extraordinary writ filed by Plaintiffs would be automatically stayed until the appellate court determined whether it was facially frivolous.   (*Id*.)

Plaintiff Cuyler also sued several Eleventh Circuit judges and the Clerk of the Eleventh Circuit in the Northern District of Georgia, in violation of the pre-screening order entered in the Middle District of Florida.  (Doc. No. 12-5.)  Additionally, in connection with a state court appeal regarding their foreclosure case, Plaintiffs have threatened to seek criminal indictment of the Clerk of Court and the Judges of Florida's Fifth District Court of Appeal.   (Doc. No. 8-4 at p. 3.)  Defendants represent that Plaintiffs have sued others in connection with adverse rulings, including the State of Florida, Florida's Attorney General, the Clerk of Florida's First District Court of Appeal, and the Clerk of the Supreme Court of Florida.  (Doc. No. 8 at p. 3.)

The point of this history is to demonstrate that the ordinary checks and balances designed to curb baseless and harassing litigation are lost on Plaintiffs and serious measures are necessary to rein in Plaintiffs' abusive litigation practices. Against this backdrop, the Court turns to the three cases most relevant to the instant motion.

The Plaintiffs filed their first lawsuit in this Court, 10-1646, in November 2010. Their complaint named Aurora as a defendant. In substance, that suit asserted that Aurora had committed fraud and "intentional tort" against the Plaintiffs by filing a frivolous complaint to foreclose on their home. Plaintiffs invoked 42 U.S.C. § 1983 and a chapter of the Florida Statutes that governs statutes of limitation. The case was assigned to District Judge Mary S. Scriven.

In December 2010, Judge Scriven issued an order (1) dismissing the fraud claim without prejudice for failure to plead necessary elements; (2) dismissing the §1983 claims with prejudice, since Plaintiffs did not allege that Aurora, a private litigant, acted under color of law and they failed to identify any federal violations; and (3) denying the Plaintiffs' request for sanctions and entry of a default judgment. (Doc. No. 13 in 10-1646.) Judge Scriven granted Plaintiffs leave to file an amended complaint if they wished to pursue their fraud claim. (*Id.*)

Plaintiffs did not file an amended complaint. Accordingly, on June 14, 2011, Judge Scriven gave them another opportunity to do so. (Doc. No. 32 in 10-1646.) Plaintiffs refused to file an amended complaint; instead, they responded by complaining that Judge Scriven's orders were "No Good." (Doc. No. 34 in 10-1646.) Accordingly, on July 5, 2011, Judge Scriven dismissed, without prejudice, the balance of the case. (Doc. No. 35 in 10-1646.) Subsequently, a judgment was entered in Aurora's favor on the § 1983 claim. (Doc. No. 39 in 10-1646.) Plaintiffs appealed. The Eleventh Circuit dismissed part of the appeal as untimely, summarily

affirmed the remainder, declared the Plaintiffs vexatious litigants, and instituted a pre-screening order regarding further appeals. (Doc. No. 43 in 10-1646.)

On June 17, 2011, Plaintiffs again sued Aurora in connection with their mortgage foreclosure. That case, 11-1006, was ultimately assigned to Judge Scriven. Plaintiffs included as additional defendants the state judge presiding over the foreclosure action and the law firm representing Aurora in the foreclosure proceeding.[4] Plaintiffs alleged that the defendants engaged in a conspiracy to commit fraud, intentional torts, and civil rights violations in connection with the foreclosure proceedings. Plaintiffs invoked 42 U.S.C. § 1983, 42 U.S.C. § 1985, and a federal statute that criminalizes certain civil rights violations, 18 U.S.C. § 242.

On July 5, 2011, Judge Scriven entered an order determining that Plaintiffs' complaint was frivolous and requiring Plaintiffs to show cause why they should not be sanctioned pursuant to Fed. R. Civ. P. 11. (Doc. No. 8 in 11-1006.) In that same order, Judge Scriven found that the state judge was entitled to absolute judicial immunity since all of the conduct about which Plaintiffs complained occurred in the judge's judicial capacity. (*Id.*) As for the law firm defendant, Judge Scriven observed that Florida law permitted foreclosure actions and nothing in the complaint suggested the law firm did anything contrary to existing law. (*Id.*) Finally, regarding the claims against Aurora, Judge Scriven noted that this was the second time Plaintiffs sued Aurora and she had previously dismissed Plaintiffs' § 1983 claims with prejudice. (*Id.*) She further observed that as in the prior case, Plaintiffs failed to allege that Aurora acted under color of law. (*Id.*) She added that to the extent the § 1983 claims in 11-1006 were duplicative of the previously-dismissed § 1983 claims in 10-1646, they were frivolous. (*Id.*) Regarding the fraud claims, Judge Scriven noted that Plaintiffs had previously asserted such claims in 10-1646

---

[4] The law firm sued in 11-1006 is not the same law firm sued in the present case.

and, once again, Plaintiffs had failed to properly plead fraud.  (*Id*.)  Accordingly, she ruled the fraud claims must be dismissed.  (*Id*.)  Finally, despite Plaintiffs' allegation that the defendants had conspired to commit intentional torts, Judge Scriven noted they did not identify any intentional torts.  (*Id*.)  She suspected "the manifest purpose of Plaintiffs' Complaint [was] to 'judge shop' because [Judge Scriven] previously dismissed Plaintiffs' claims against Defendant Aurora and denied three separate motions to recuse" in 10-1646.  (*Id*.)  Judge Scriven found that "Plaintiffs' claims for a $16,000,000 Judgment against Defendants [were] frivolous even measured by the liberal standard applied to *pro se* pleadings."  (*Id*.)  Consequently, Judge Scriven ordered the Plaintiffs to show cause why they should not be sanctioned under Fed. R. Civ. P. 11 and/or deemed vexatious litigants who must post a cash bond before filing further claims or motions.  (*Id*.)

Plaintiffs responded to the show-cause order but "failed to address why sanctions should not be imposed and . . . did not provide a reason for the Court to reconsider its decision that Plaintiffs' Complaint [was] frivolous."  (Doc. No. 48 in 11-1006.)  Accordingly, on April 9, 2014, Judge Scriven dismissed Plaintiffs' Complaint with prejudice.  (*Id*.)  However, she declined to impose Rule 11 sanctions.  (*Id*.)  Plaintiffs appealed; the Eleventh Circuit dismissed the appeal for lack of prosecution.  (Doc. No. 52 in 11-1006.)

The last relevant case is 13-976.  That case was filed initially in state court, then was removed to this Court.  The case was assigned to Senior District Judge G. Kendall Sharp.  Plaintiffs sued both Aurora and Nationstar.  Once again, the case arose from actions taken in connection with the foreclosure of Plaintiffs' home mortgage.  (Doc. No. 2, at p. 2, in 13-976) ("The actions complained of arises [sic] out of a fraudulent Foreclosure Lawsuit file[d] in the State Circuit Court of Orange County, where the action is still pending").  Plaintiffs alleged "conspiracy to commit fraud and [w]rongful garnishment [p]roceedings and civil rights

violations." (*Id.*, at pp. 1-2, in 13-976.) They invoked 42 U.S.C. § 1985 and 15 U.S.C. § 1692, a component of the Fair Debt Collection Practices Act (FDCPA). (*Id.* at p. 1.)

On August 21, 2013, Judge Sharp entered an order dismissing 13-976 with prejudice. (Doc. No. 19 in 13-976.) At the outset, Judge Sharp noted that it was clear that 13-976 arose out of the mortgage foreclosure proceeding involving Plaintiffs' home. (*Id.* at p. 1.) Judge Sharp ruled that Plaintiffs' claims were barred by Florida's litigation privilege, inasmuch as they concerned the defendants' conduct in the course of state mortgage foreclosure proceedings. (*Id.* at p. 3.) Judge Sharp determined that Plaintiffs' claims must be dismissed with prejudice for two reasons:

> First, it appears that no construction of the factual allegations would support any of the causes of action Plaintiffs assert; therefore, granting Plaintiffs leave to amend their complaint would be futile. Second, the United States Court of Appeals for the Eleventh Circuit has concluded that Plaintiffs "have engaged in abusive and vexatious litigation" in the district courts and the Eleventh Circuit "by repeatedly filing frivolous lawsuits and appeals." Further, Plaintiffs are subject to frivolity screening in the United States Court of Appeals for the Eleventh Circuit. This case represents yet another abuse of the judicial system by Plaintiffs. Accordingly, it will be dismissed with prejudice.

(*Id.* at pp. 3-4) (internal citations and footnote omitted). Plaintiffs did not appeal that dismissal.

Enter the instant case. Like 13-976, this case was filed initially in state court, then was removed to federal court. Once again, Plaintiffs sue Aurora and Nationstar for conduct arising out of the state mortgage foreclosure proceedings. They also sue the law firm (and one of its attorneys) that represented the Defendants in the mortgage foreclosure proceedings and in the three frivolous federal lawsuits detailed above. Once again, Plaintiffs allege "fraud, intentional tort and harassment in violation[] of the FDCPA[.]" (Doc. No. 2 at p. 1.) They invoke unspecified Florida fraud statutes, the Fair Debt Collection Practices Act, and 42 U.S.C. § 1985.

(*Id*. at pp. 2-4.)   They make crystal clear that the conduct about which they complain occurred in the course of the foreclosure proceedings:  "The actions complained of arises [sic] out of a fraudulent Foreclosure Lawsuit file[d] in the State Circuit Court of Orange County and continued harassment through scheduled hearings filed in court, letters from Aurora and Nation Star and Suzanne T. [sic] Pellegrino['s] email to plaintiffs, where defendants continue to commit fraud to attempt to foreclose on plaintiffs['] home."   (*Id*. at p. 2) (emphasis omitted).

All of the Defendants seek dismissal, with prejudice, on grounds of res judicata based on the dismissals of Plaintiffs' prior lawsuits as detailed in this Order.   (Doc. No. 6 at pp. 6-7; Doc. No. 11 at pp. 7-11.)   Additionally, all Defendants seek an injunction protecting them from further vexatious and harassing litigation instituted by the Plaintiffs.   (Doc. Nos. 8, 12.)   In response, Plaintiffs raise largely irrelevant arguments, including the frivolous contention that this Court lacks subject matter jurisdiction over this case, despite the fact that the Court has already ruled that it does.   (*See* Doc. Nos. 18, 19 & 20.)

### III.   ANALYSIS

#### A.   MOTIONS TO DISMISS

"[R]es judicata, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties."   *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013.)   The elements of res judicata are:   "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action."   *Id*.

All four elements of res judicata are met in the present case.   The prior decisions in 10-1646, 11-1006 and 13-976 were certainly entered by a court of competent jurisdiction.

Regarding the second element, "[a] dismissal with prejudice operates as a judgment on the merits unless the court specifies otherwise."  *Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986);  *see also, Lobo*, 704 F.3d at 893 (rejecting "contention that a judgment on the merits occurs only when the rendering court has addressed the substance of every claim to be later precluded").  Judge Scriven dismissed the civil rights claims in 10-1646 with prejudice.  She dismissed the civil rights, fraud, and civil conspiracy claims in 11-1006 with prejudice, including those brought against the different law firm sued in that case.  Likewise, in 13-976, Judge Sharp dismissed, with prejudice, Plaintiffs' claims of conspiracy to commit fraud, wrongful garnishment, harassment, violation of civil rights, and violation of the Fair Debt Collection Practices Act.  Because all of these dismissals were with prejudice, they operated as adjudications on the merits.

Regarding the third element, Aurora was a party to 10-1646 and 11-1006.  Aurora and Nationstar were both parties to 13-976.  The law firm and the lawyer named as defendants in the present case were not named as defendants in any of the prior cases; however, as attorneys representing Aurora and Nationstar in the state mortgage foreclosure action and in the three prior frivolous federal lawsuits, they were in privity with their clients.  *See Plotner v. AT&T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000) ("The law firm defendants appear by virtue of their activities as representatives of Green and AT&T, also creating privity" for res judicata purposes); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986) ("Even though the Bank was the only actual party to the state court mortgage foreclosure proceedings, the other defendants, as directors, officers, employees, and attorneys of the Bank, are in privity with the Bank for purposes of res judicata"); *Pincus v. Law Offices of Erskine & Fleisher*, No. 08-81357-CIV, 2010 WL 286790, at *2 (S.D. Fla. Jan. 19, 2010) (questioning law firm's contention that, for collateral estoppel purposes, it was not in privity with party it previously represented in lawsuit).  After all,

these attorneys were the agents who were actually pursuing the state mortgage foreclosure action on behalf of Aurora and Nationstar, and the assertedly wrongful prosecution of the mortgage foreclosure case is the very thing about which Plaintiffs complain.  Accordingly, the third element is satisfied.

Finally, regarding the fourth element, the three prior cases identified in this Order and the present case all arose out of the same factual predicate, Aurora and Nationstar's (and their attorneys') efforts to foreclose on Plaintiffs' home mortgage.  This case involves claims that were, or could have been, brought in the prior lawsuits.  Here, as in the prior cases, Plaintiffs allege fraud, harassment, conspiracy to violate civil rights, and violation of the Fair Debt Collection Practices Act.  These same claims were dismissed in the prior cases.  Accordingly, this case must be dismissed, with prejudice, on res judicata grounds.

### B.   MOTIONS FOR PERMANENT INJUNCTION

It is well established that measures exist to protect federal courts and federal litigants from harassing and vexatious litigants.  The All Writs Act, 28 U.S.C. § 1651,[5] empowers a federal court to protect its jurisdiction by "enjoin[ing] a dissatisfied party bent on re-litigating claims that were (or could have been) previously litigated before the court from filing in both judicial and non-judicial forums, as long as the injunction does not completely foreclose a litigant from any access to the courts[.]"  *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15 (11th Cir. 2002); *see also, Procup v. Strickland*, 792 F2d 1069, 1073 (11th Cir. 1986) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions"); *Harrelson v. United States*, 613 F.2d 114,

---

[5] Title 28, United States Code, Section 1651(a) provides:  "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

116 (5th Cir. 1980) ("A district court has the power under 28 U.S.C. § 1651(a) to enjoin litigants who are abusing the court system by harassing their opponents"); *Martin-Trigona v. Shaw*, 986 F.2d 1384 (11th Cir. 1993) (affirming district court's dismissal of lawsuit filed in violation of litigation pre-screening injunction). "The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. A federal court has "[c]onsiderable discretion" in this area. *Id*. Under this authority, a vexatious litigant "can be severely restricted as to what he may file and how he must behave in his applications for judicial relief." *Id*. "He just cannot be completely foreclosed from *any* access to the court." *Id*. A pre-screening injunction may extend to state court filings. See *Riccard*, 307 F.3d at 1295 & n.15 (affirming injunction that prohibited litigant from filing new actions in state courts and other fora).

Plaintiffs have filed a succession of frivolous suits against Aurora and Nationstar (and their attorneys) in an effort to thwart the foreclosure of Plaintiffs' home mortgage. The fact that the Court has dismissed those prior suits as frivolous has not deterred Plaintiffs in the slightest from continuing to harass the Defendants. Any further claims against these Defendants arising from the state mortgage foreclosure action are barred by the doctrine of res judicata, in some instances several times over. Unfortunately, res judicata is not deterring these Plaintiffs. The Defendants are being irreparably injured by these harassing lawsuits, that injury vastly outweighs the inconvenience to Plaintiffs of a pre-screening injunction, and the public interest demands entry of such an injunction. Moreover, this Court's jurisdiction and the finality of its prior dismissals are being undermined by these repeated frivolous lawsuits.

As previously noted, the Court has already permanently enjoined Plaintiffs from filing any suit in federal court without first obtaining leave of that federal court. This protects the

Defendants from being sued directly in federal court. However, as the present lawsuit and 13-976 demonstrate, Defendants require protection from further harassing and vexatious litigation in non-federal fora. Additionally, this Court must protect its jurisdiction and the finality of its prior decisions. Consequently, the Court will permanently enjoin the Plaintiffs from suing Defendants in non-federal fora regarding their mortgage foreclosure proceedings without first obtaining the permission of this Court. No lesser measure will suffice.

## IV.  CONCLUSION

Based on the foregoing, it is ORDERED as follows:

1. Defendants Aurora Loan Services LLC and Nationstar Mortgage LLC's Motion for Injunctive Relief (Doc. No. 8), filed on July 16, 2014, is GRANTED.

2. Defendants Broad and Cassel and Tara S. Pellegrino's Motion for Injunctive Relief to Protect Against Vexatious and Abusive Litigation and to Enforce a Judgment of the Court (Doc. No. 12), filed on July 17, 2014, is GRANTED.

3. Plaintiffs Mark Cuyler and Teresa A. Mitchell are PERMANENTLY ENJOINED from filing any action, complaint, claim for relief, suit, cause of action, writ, petition, or any similar instrument, in any state, county, municipal, or local court, against Aurora Loan Services LLC, Nationstar Mortgage LLC, the law firm of Broad and Cassel, Tara S. Pellegrino, Esq., and their present, former, and future agents, representatives, employees, directors, officers, attorneys, parent entities, assigns, predecessors, or successors, arising from, in connection with, or relating to the foreclosure of Plaintiffs' home mortgage, without first obtaining the permission of this Court. Any violation of this injunction will subject the Plaintiffs to sanctions, including contempt of court.

4. The procedure for seeking this Court's permission is as follows:

To seek leave of Court, Plaintiff(s) (a) shall submit with the proposed complaint a motion entitled "Motion Seeking Leave to File a Complaint;" (b) shall attach as "Exhibit 1" to the motion a copy of this Order; (c) shall attach as "Exhibit 2" to the motion a copy of the November 14, 2011 pre-screening order entered by District Judge Steven D. Merryday in Case No. 6:11-cv-623-Orl-22DAB; (d) shall attach as "Exhibit 3" to the motion a copy of the August 4, 2011 pre-screening order entered by the undersigned judge in Case No. 6:11-cv-623-Orl-22DAB; and (e) if granted leave to proceed with the lawsuit, shall serve on each defendant named therein a copy of the documents specified in (a), (b), (c), and (d) above.

The Clerk's Office shall forward the motion and related submissions to the senior Magistrate Judge in the respective Division for review and screening. The motion and related submissions shall be docketed in Case No. 6:11-mc-90-Orl-22DAB, the miscellaneous case which serves as the repository for other pre-screening orders entered by this Court. The Magistrate Judge shall determine whether the complaint has arguable merit. If the action is arguably meritorious the Magistrate Judge shall enter an order permitting the Plaintiff(s) to proceed with the action in the non-federal forum. That order shall be docketed in Case No. 6:11-mc-90-Orl-22DAB.

If, however, the Magistrate Judge's preliminary review determines that the tendered complaint lacks arguable merit, the Magistrate Judge shall enter an order denying the motion. The Magistrate Judge's order determining that the complaint lacks arguable merit shall be filed in Case No. 6:11-mc-90-Orl-22DAB.  If the Magistrate Judge so rules, the Clerk, after ensuring that copies of the motion, the tendered complaint, and the related filings have been docketed in Case No. 6:11-mc-90-Orl-22DAB, shall return those materials to the Plaintiff(s).  Upon a finding that a

complaint lacks arguable merit, the Plaintiff(s) shall be subject to sanctions, including contempt of court.

5. The United States Marshals Service shall promptly, personally serve Mark Cuyler and Teresa A. Mitchell with a copy of this Order and Permanent Injunction and shall inform them that it contains an injunction prohibiting them from filing certain lawsuits without this Court's approval. Promptly upon serving these Defendants, the Marshals Service shall file a return of such service with the Clerk of Court.

6. Defendants Aurora Loan Services LLC and Nationstar Mortgage LLC's Motion to Dismiss Complaint With Prejudice (Doc. No. 6), filed on July 16, 2014, is GRANTED.

7. Defendants Broad and Cassel and Tara S. Pellegrino's Motion to Dismiss for Failure to State a Claim, etc. (Doc. No. 11), filed on July 17, 2014, is GRANTED.

8. This case is DISMISSED, WITH PREJUDICE.

9. The Clerk shall enter a final judgment providing that this case is dismissed with prejudice because the claims brought herein by Plaintiffs, Mark Cuyler and Teresa A. Mitchell, against Defendants, Broad and Cassel and Tara S. Pellegrino, are barred by res judicata. The judgment shall further provide that the Defendants shall recover their costs of action.

10. The Court expressly reserves jurisdiction to conduct litigation pre-screening as discussed in the foregoing paragraphs, to enforce the permanent injunction, to impose sanctions if the permanent injunction is violated, and to handle all matters incidental and ancillary to those tasks.

11. The Clerk shall docket a copy of this Order in Case No. 6:11-mc-90-Orl-22DAB.

12. The Clerk shall close this case.

- 15 -

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on October 14, 2014.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
District Judge Steven D. Merryday
District Judge Mary S. Scriven
Senior District Judge G. Kendall Sharp
Magistrate Judge David A. Baker
All Clerk's Office Division Managers
Eric Thompson, Supervisory Deputy U.S. Marshal